UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CENTRIX, INC., | : |
| | : **Civil Action No. 3:03 CV 703 (CFD)** |
| Plaintiff, | : |
| | : |
| v. | : |
| | : |
| ANDON BRUSH COMPANY, INC., | : |
| | : |
| Defendant. | : DECEMBER 18, 2003 |
| | : |

**MOTION FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S, CENTRIX INC.'S RULE 12 MOTION FOR MORE DEFINITE SETTLEMENT [sic] OR IN THE ALTERNATIVE TO STRIKE AND/OR TO DISMISS COUNTERCLAIM COUNTS II, III, IV FOR FAILURE TO STATE A CAUSE OF ACTION**

Defendant Andon Brush Company, Inc. ("Andon"), by its undersigned counsel, hereby moves this Court for an extension of time of thirty (30) days to January 16, 2004 for Andon to respond to Plaintiff's, Centrix Inc., Rule 12 Motion For More Definite Settlement [sic] Or In The Alternative To Strike And/Or To Dismiss Counterclaim Counts II, III, IV For Failure To State A Cause of Action. In support of its motion Andon states as follows:

1.      Defendant Andon was recently required to change counsel in this action when its original counsel, McCarter and English, developed a conflict of interest (by reason of the acquisition of a portion of Cummings & Lockwood), which required them to withdraw from this action.

2. Andon sought new counsel but was unable to obtain the same until approximately November 21, 2003, when they engaged Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein as its lead counsel. Shortly thereafter, Matthew Mason of Gregory and Adams, PC was retained as local counsel.

3. On December 3, 2003, Matthew Mason entered his appearance on behalf of the defendant Andon.

4. By motion dated November 25, 2003 entered on the docket on December 3, 2001, Dennis F. Gleason and G. Glennon Troublefield of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein moved for admission *pro hac vice* in this action.

5. On December 3, 2003, a settlement conference in this matter was held before the Honorable William I. Garfinkle, U.S.M.J.

6. As of that time, neither Attorney Mason nor Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart and Olstein had received a copy of Plaintiff's, Centrix Inc., Rule 12 Motion For More Definite Settlement [sic] Or In The Alternative To Strike And/Or To Dismiss Counterclaim Counts II, III, IV For Failure To State A Cause of Action ("Plaintiff's Motion").

7. Plaintiff's Motion was filed on November 26, 2003, the day before Thanksgiving, and was entered on the docket on December 3, 2003.

8. The December 3, 2003 settlement conference concluded with a settlement proposal being outstanding and which was to be responded to by Andon on or before December 12, 2003. Magistrate Judge Garfinkle recommended to the parties, and their counsel agreed, that Plaintiff's Motion not be responded to while settlement proposals were pending. Counsel for the

plaintiff also agreed to send to Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein a copy of said motion.

9. On or about December 5, 2003, a copy of Plaintiff's Motion was received by Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein.

10. On December 12, 2003, Andon responded to the settlement proposal, and made another settlement proposal.

11. On December 17, 2003, after not having received a response to the December 12, 2003 proposal, counsel for Andon (Attorney Kenneth Winters) called counsel for the plaintiff and was advised that the proposal of December 12, 2003 was being rejected by the Plaintiff.

12. Attorney Winters requested that Plaintiff's counsel consent to an extension of time to file the opposition to Plaintiff's Motion, and was informed that the Plaintiff would consent to an extension of fourteen days, but no more. Thus, while the Defendant seeks a 30 day extension to January 15, 2004, Plaintiff's counsel will consent only to a 14 day extension.

13. Twenty-one days from November 26, 2003, plus an additional fourteen days would make the opposition due on or about New Year's Eve day.

14. Attorney Winters, the lawyer from Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein who has been primarily involved in the case, and who attended the settlement conference and has discussed the issues raised by the motion with Andon, is scheduled to be on vacation from December 25 through January 5, 2004. To meet a filing deadline of New Year's Eve day, he would either have to cancel his vacation or would have less than seven calendar days to prepare an opposition to the motion.

15. This is Defendant Andon's first request for an extension of time relative to the subject motion.

16. In sum, Defendant Andon respectfully requests that it have a thirty (30) day extension of time until January 16, 2004 to respond to Plaintiff's Motion. The motion should be granted in light of the recent substitution of counsel for the Defendant, the period of time during which the parties were exploring settlement pursuant to their conference with Magistrate Judge Garfinkle, the newness of present counsel to the case through no fault of Andon, and the upcoming holidays and planned vacations of counsel.

Respectfully submitted,

By: *Matthew C. Mason*
Matthew C. Mason (ct 15291)
GREGORY AND ADAMS, P.C.
Attorneys for Defendant
190 Old Ridgefield Road
Wilton, Connecticut 06897
Phone: 203 762-9000
Fax: 203 834-1628
Email: mmason@gregoryandadams.com

## CERTIFICATE OF SERVICE

I hereby certify that, on December 18, 2003, a true and correct copy of the foregoing was served by first class mail, postage prepaid, upon the following:

Arthur T. Fattibene, Esq.
Fattibene & Fattibene
2480 Post Road
Southport, CT  06490
203-255-4400

_____
Matthew C. Mason