UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CENTRIX, INC., | : |
| Plaintiff, | : Civil Action No. 3:03 CV 703 (CFD) |
| v. | : |
| ANDON BRUSH COMPANY, INC., | : January 29, 2004 |
| Defendant. | : |

## DECLARATION OF KENNETH L. WINTERS

KENNETH L. WINTERS, being of full age, declares under penalty of perjury:

1. I am an attorney admitted to practice in the State of New Jersey and a member of the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, counsel for Andon Brush Company, Inc. ("Andon").

2. Attached hereto As Exhibit A is a copy of the Answer to Complaint, Separate Defenses, Jury Demand, and Counterclaim of Andon in the above entitled action.

2. Attached hereto as Exhibit B is a copy of the file history of United States Patent No. 5,001,803, one of the patents in suit in this action.

3. Attached hereto as Exhibit C is a copy of the Examiner's Action dated September 19, 1989 from the file history of United States Patent No. 5,001,803.

4. Attached hereto as Exhibit D is a copy of U.S. Patent No. 4,731,266 issued to Yamaki.

5. Attached hereto as Exhibit E is a copy of Amendments dated February 9, 1990 and October 5, 1990 from the file history of United States Patent No. 5,001,803.

6. As of the date of this declaration, Andon has not obtained any discovery from the Plaintiff in this action.

7. One of the reasons why Andon has not obtained any discovery from the Plaintiff in this action is that the parties were engaged in settlement discussions from at least a December 3, 2003 settlement conference with the Honorable William I Garfinkle, U.S.M.J. until approximately January 16, 2004 at which point it appears that the parties have reached an impasse in their settlement efforts.

8. Another reason why Andon has not obtained any discovery from the Plaintiff in this action is that to date the Plaintiff had not filed an answer to Andon's counterclaims and hence the extent to which discovery will be required has not yet been fully framed by the pleadings.

9. With respect to the factual matters which the Plaintiff presents in its Rule 12 motion, several items of correspondence relied upon by the Plaintiff with respect to its claim of sole inventorship expressly refer to attached sample devices. Such devices are not attached to the motion papers or otherwise described so as to enable Andon to more precisely address the Plaintiff's assertions concerning those letters. Since those letters were neither addressed to Andon nor sent by Andon, Andon requires discovery by way of requests for production to the extent the samples still exist and/or depositions to the extent the samples no longer exist so as to

determine precisely what is disclosed by the samples that are referred to in those letters to enable it to further refute the Plaintiff's claim of sole inventorship of all that is claimed in patents which are the subject of this action.

10. The Plaintiff asserts in its motion that it did not use any confidential information or trade secrets of Andon. The Declaration of Robert L. Newell submitted by Andon in response to the Plaintiff's motion shows the nature and extent of information that was available to the Plaintiff. With the Plaintiff having such information available to it, Andon needs discovery from the Plaintiff with respect to the extent to which such information was used by the Plaintiff. In particular, the Declaration of Robert L. Newell indicates that the Plaintiff began manufacturing or had manufactured for it brushes competitive to those that had been manufactured by Andon. Discovery from the Plaintiff and/or the new manufacturer is needed in the form of requests for production of documents and things and/or depositions to identify the sources of supply for the equipment and the materials used in the manufacture of the brushes and to obtain evidence of the extent to which Andon's information was used by the Plaintiff and the extent to which the Plaintiff used the same sources of material and equipment to manufacture its brushes.

11. Andon has not yet deposed the persons whose declarations the Plaintiff has offered in support of its motion, due to the fact that the parties were engaged in settlement discussions for most of the time that this motion has been pending. Cross-examination of those persons may establish the existence of facts that further support the allegations of Andon in this matter with respect to the issues of inventorship and the issues of the misappropriation of Andon's information, including but not limited to the identification of the samples that were enclosed with the letters relied upon by the Plaintiff as well as the Plaintiff's access and use of

Andon's information. In this latter regard, the Plaintiff's possession of an invoice taken from Andon's files and its confrontation of Robert Newell with respect the source of payment of that invoice, as set forth in the Declaration of Robert Newell, establishes the need and importance of cross-examining the Plaintiff's witness who has denied having removed any financial information other than income statements, balance sheets, budgets, or trial balances.

I declare under penalty of perjury that the foregoing is true.

Executed on January 29, 2004

*/s/ Kenneth L. Winters*
Kenneth L. Winters