**McCARTER & ENGLISH, LLP**
John Robinson, Esq.
CityPlace I
185 Asylum Street
Hartford, CT 06103
Phone: (860) 275-6721
Fax: (860) 724-3397
Email: jrobinson@mccarter.com
Attorneys for Defendant

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| CENTRIX, INC., | : | |
| | : | Civil Action No.  303 CV 703(CFD) |
| Plaintiff, | : | |
| | : | |
| vs. | : | **ANSWER TO COMPLAINT,** |
| | : | **SEPARATE DEFENSES, JURY** |
| ANDON BRUSH COMPANY, INC, | : | **DEMAND, AND COUNTERCLAIM** |
| | : | |
| Defendant. | : | |
| | : | |

Defendant Andon Brush Company, Inc. ("Andon") answers the Complaint of

Plaintiff Centrix, Inc. as follows:

1.    Answering Paragraph 1 of the Complaint, Defendant currently lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein.

2.    Andon admits the allegations of Paragraph 2 of the Complaint.

## ANSWER TO ALLEGATIONS OF JURISDICTION AND VENUE

3.    Answering Paragraph 3 of the Complaint, Andon admits only that plaintiff purports to allege and assert a claim falling under the US Patent Laws, but denies that is has violated any of plaintiff's patent or other rights.

4.    Answering Paragraph 4 of the Complaint, Andon admits only that plaintiff purports to allege and assert a claim as to which it asserts personal jurisdiction over Andon.  Except as specifically admitted, Andon denies the remaining allegations of paragraph 4 of the Complaint.

5.    Answering Paragraph 5 of the Complaint, Andon admits only that plaintiff purports to allege and assert a claim as to which it asserts that venue is proper.  Except as specifically admitted, Andon denies the remaining allegations of paragraph 5 of the Complaint.

## ANSWER TO COUNT I

6.     Answering Paragraph 6 of the Complaint, Andon repeats its responses to the allegations of Paragraphs 1 through 5 of the Complaint as if set forth at length herein.

7.     Answering Paragraph 7 of the Complaint, Andon admits that the '803 Patent was issued on March 26, 1991 and that patent application S.N. 325,888 was filed on March 20, 1989.  Except as specifically stated, Andon denies the allegations of Paragraph 7 of the Complaint.

8.     Answering Paragraph 8 of the Complaint, Andon admits that the '803 patent is directed to a disposable dental brush for applying various dental materials to a tooth.  Except as specifically stated, Andon denies the allegations of Paragraph 8 of the Complaint, and further denies that it has infringed the valid and/or enforceable claims of any patent owned by Centrix.

9.     Andon denies the allegations of Paragraph 9 of the Complaint.

10.     Andon denies the allegations of Paragraph 10 of the Complaint.

11.     Andon denies the allegations of Paragraph 11 of the Complaint.

12.     Andon denies the allegations of Paragraph 12 of the Complaint.

## ANSWER TO COUNT II

13.    Answering Paragraph 13 of the Complaint, Andon admits that Plaintiff alleges an action for patent infringement of U.S. Design Patent DES 329,124, but denies that Andon has committed any such acts of patent infringement.

14.    Answering Paragraph 14 of the Complaint, Andon repeats its responses to the allegations of Paragraphs 1 through 13 of the Complaint as if set forth at length herein.

15.    Andon denies the allegations of Paragraph 15 of the Complaint.

16.    Andon denies the allegations of Paragraph 16 of the Complaint.

17.    Andon denies the allegations of Paragraph 17 of the Complaint.

18.    Andon denies the allegations of Paragraph 18 of the Complaint.

19.    Andon denies the allegations of Paragraph 19 of the Complaint.

20.    Andon denies the allegations of Paragraph 20 of the Complaint.

## ANSWER TO COUNT III

21.     Answering Paragraph 21 of the Complaint, Andon admits that Plaintiff alleges an action for unfair competition and for willful and malicious appropriation of Plaintiff's proprietary rights, but denies that Andon has committed any such acts of unfair competition or other violation of plaintiff's rights.

22.     Answering Paragraph 22 of the Complaint, Andon repeats its responses to the allegations of Paragraphs 1 through 21 of the Complaint as if set forth at length herein.

23.     Answering Paragraph 23 of the Complaint, Andon states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations therein.

24.     Answering Paragraph 24 of the Complaint, Andon admits that it is a manufacturer of applicator devices and brushes.  Except as specifically stated, Andon denies the allegations of Paragraph 24 of the Complaint.

25.     Answering Paragraph 25 of the Complaint, Andon admits that it made dental brushes that were purchased by Centrix.  Except as specifically stated, Andon denies the allegations of Paragraph 25 of the Complaint.

26.    Andon denies the allegations of Paragraph 26 of the Complaint.

27.    Andon denies the allegations of Paragraph 27 of the Complaint.

28.    Andon denies the allegations of Paragraph 28 of the Complaint.

29.    Andon denies the allegations of Paragraph 29 of the Complaint.

30.    Andon denies the allegations of Paragraph 30 of the Complaint

31.    Andon denies the allegations of Paragraph 31 of the Complaint.

32.    Andon denies the allegations of Paragraph 32 of the Complaint.

33.    Answering Paragraph 33 of the Complaint, Andon admits that Centrix ceased using Andon as a supplier of dental brushes.  Except as specifically stated, Andon denies the allegations of Paragraph 33 of the Complaint.

34.    Andon denies the allegations of paragraph 34 of the Complaint.

## FIRST SEPARATE AND AFFIRMATIVE DEFENSE

Andon, on information and belief, and pursuant to Title 35, United States Code, Section 282(l) states that Patent No. 5,001,803 and the claims thereof are not and have not been infringed by Andon.

6

## SECOND SEPARATE AND AFFIRMATIVE DEFENSE

Andon, on information and belief, and pursuant to Title 35, United States Code, Section 282(2) states that Patent No. 5,001,803 and the claims thereof are invalid, unenforceable, void and/or not infringed for failure to comply with the provisions of Title 35, United States Code, based upon one or more of the following grounds:

(a)     The differences between the subject matter of said patent claims and the prior art are such that the patented subject matter as a whole would have been obvious at the time the alleged invention was made to a person having an ordinary skill in the art to which the subject matter pertains;

(b)     The alleged inventions of said patent was known or used by others in this country or patented or described in printed publications in this or a foreign country before the alleged invention thereof by the patentee;

(c)     The alleged invention of said patent was patented or described in a printed publication in this or a foreign country, or in public use or on sale in this country, more than one year prior to the date of filing the application for said patent in the United States;

(d)     Before the alleged inventions of the subject matter of said patent by the patentee, the alleged invention was made in this country by another who had not abandoned, suppressed or concealed them;

(e)     The claims of said patent are invalid for lack of patentable invention;

(f)     The named inventor did not invent the subject matter sought to be patented.

## THIRD SEPARATE AND AFFIRMATIVE DEFENSE

On information and belief, and pursuant to Title 35, United States Code, Section 282(3) Andon states that Patent No. 5,001,803 and the claims thereof, are further invalid or non-infringed on the following grounds:

(a)     The specification of said patent does not contain written descriptions of the alleged invention and the manner and process of making and using same, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to make and use the same, nor does such specification set forth the best mode contemplated by the inventor of

8

carrying out the alleged invention as required by Title 35, United States Code, Section 112;

      (b)    The claims of said patent do not particularly point out and distinctly claim the subject matter regarded as the alleged invention as required by Title 35, United States Code, Section 112;

      (c)    The claims of said patent are not properly supported by the disclosures of said patent;

      (d)    The claims of said patent define inoperative subject matter.


### FOURTH SEPARATE AND AFFIRMATIVE DEFENSE

Further answering on information and belief, and pursuant to Title 35, United States Code, Section 282(4) Andon states that Patent No. 5,001,803 and the claims thereof are invalid or non-infringed on the following grounds:

      (a)    The prior art known before the alleged invention of the subject matter of said patent and the disclosure of the patent so limit and restrict the scope of the claims of said patent that nothing made, used or sold by Andon can be regarded as an infringement;

      (b)    Plaintiff is estopped by virtue of representations and concessions made to the United States Patent and Trademark Office during the prosecution of the

applications from which said patent issued from construing any of the claims of said patent to cover any of the activities of Andon;

(c)    Plaintiff improperly obtained the issuance of said patent by virtue of representations made to the United States Patent and Trademark Office in the applications and during the prosecution of the application from which the patent issued which gave an erroneous impression to the United States Patent and Trademark Office of the alleged intention and of the advantages, value and success thereof;

(d)    The United States Patent and Trademark Office improperly issued said patent without due consideration and without full and proper investigation and consideration of all the pertinent prior art.

## FIFTH SEPARATE AND AFFIRMATIVE DEFENSE

Andon, on information and belief, and pursuant to Title 35, United States Code, Section 282(1) states that Patent No. DES329,142 and the claim thereof are not and have not been infringed by Andon.

## SIXTH SEPARATE AND AFFIRMATIVE DEFENSE

Andon, on information and belief, and pursuant to Title 35, United States Code, Section 282(2) states that Patent No. DES329,142 and the claim thereof are invalid,

unenforceable, void and/or not infringed for failure to comply with the provisions of Title 35, United States Code, based upon one or more of the following grounds:

(a)    The differences between the subject matter of said patent claim and the prior art are such that the patented subject matter as a whole would have been obvious at the time the alleged invention was made to a person having an ordinary skill in the art to which the subject matter pertains;

(b)    The alleged invention of said patent was known or used by others in this country or patented or described in printed publications in this or a foreign country before the alleged invention thereof by the patentee;

(c)    The alleged invention of said patent was patented or described in a printed publication in this or a foreign country, or in public use or on sale in this country, more than one year prior to the date of filing the application for said patent in the United States;

(d)    Before the alleged invention of the subject matter of said patent by the patentee, the alleged invention was made in this country by another who had not abandoned, suppressed or concealed them;

(e)    The claim of said patent is invalid for lack of patentable invention;

(f)    The named inventor did not invent the subject matter sought to be patented.

## SEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

On information and belief, and pursuant to Title 35, United States Code, Section 282(3) Andon states that Patent No. DES329,142 and the claim thereof, are further invalid or non-infringed on the following grounds:

(a)    The specification of said patent does not contain descriptions of the alleged invention and the manner and process of making and using same, in such full, clear, concise and exact terms as to enable any person skilled in the art to which it pertains or with which it is most nearly connected, to make and use the same, nor does such specification set forth the best mode contemplated by the inventor of carrying out the alleged invention as required by Title 35, United States Code, Section 112;

(b)    The claim of said patent does not particularly point out and distinctly claim the subject matter regarded as the alleged invention as required by Title 35, United States Code, Section 112;

(c)    The claim of said patent is not properly supported by the disclosures of said patent;

(d)    The claim of said patent defines inoperative subject matter.

## EIGHTH SEPARATE AND AFFIRMATIVE DEFENSE

Further answering on information and belief, and pursuant to Title 35, United States Code, Section 282(4) Andon states that Patent No. DES329,142 and the claim thereof are invalid or non-infringed on the following grounds:

(a)    The prior art known before the alleged invention of the subject matter of said patent and the disclosure of the patent so limit and restrict the scope of the claims of said patent that nothing made, used or sold by Andon can be regarded as an infringement;

(b)    Plaintiff is estopped by virtue of representations and concessions made to the United States Patent and Trademark Office during the prosecution of the applications from which said patent issued from construing the claim of said patent to cover any of the activities of Andon;

(c)    Plaintiff improperly obtained the issuance of said patent by virtue of representations made to the United States Patent and Trademark Office in the applications and during the prosecution of the application from which the patent issued which gave an erroneous impression to the United States Patent and Trademark Office of the alleged invention and of the advantages, value and success thereof;

(d)    The United States Patent and Trademark Office improperly issued said patent without due consideration and without full and proper investigation and consideration of all the pertinent prior art.

## NINTH SEPARATE AND AFFIRMATIVE DEFENSE

The Complaint fails to state a cause of action upon which relief may be granted.

## TENTH SEPARATE AND AFFIRMATIVE DEFENSE

On information and belief, Plaintiff has misused the patents in suit and therefore is precluded from obtaining any relief in this action due to the misuse.

## ELEVENTH SEPARATE AND AFFIRMATIVE DEFENSE

On information and belief, Plaintiff has failed to mark commercial embodiments of the patented products in accordance with the provisions of Title 35, United States Code, Section 287.

## TWELFTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole, or in part, by the doctrine of waiver.

14

## THIRTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole, or in part, by the doctrine of estoppel.


## FOURTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.


## FIFTEENTH SEPARATE AND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrine of unclean hands.


WHEREFORE, Defendant requests judgment in its favor

(a)      dismissing Plaintiff's Complaint with prejudice;

(b)      declaring that the claims of U.S. Patent No.5,001,803 and U.S. Patent No. DES 329,142 are not in any manner infringed by Andon;

(c)  ·    declaring U.S. Patent No.5,001,803 and U.S. Patent No. DES 329,142 invalid, void and/or unenforceable; and

(d)      finding that this case be deemed "exceptional" pursuant to Title 35, United States Code, Section 285 and that all costs and expenses of this action

including reasonable attorneys fees be taxed in favor of Andon and against Plaintiff and that Andon shall have judgment and execution thereof against Plaintiff and for such other; and

(e)    awarding all further relief as this court may deem just and proper.

## COUNTERCLAIM

Defendant Andon Brush Company, Inc. ("Andon") by way of counterclaim against Plaintiff Centrix, Inc., ("Centrix" or "Plaintiff") says:

## PARTIES

1.    Counterclaimant Andon Brush Company, Inc. is a Delaware corporation with its principal place of business at 1 Merritt Avenue, Little Falls, NJ 07424.

2.    Counterclaim Defendant Centrix, Inc. ("Centrix"), upon information and belief, is a Delaware corporation with its principal place of business located at 770 River Road in Shelton, Connecticut 06484-5458.

## JURISDICTION AND VENUE

3.      These counterclaims are brought pursuant to 28 USC §§ 2201 and 2202 to resolve actual controversies between Plaintiff and Defendant and to obtain a declaration of Defendant's rights.

4.      This Court has subject matter jurisdiction pursuant to 28 USC §§ 1331, 1338(a), and 1367.

5.      Venue in this judicial district is proper pursuant to 28 USC §§ 1391.

## COUNT I

### (Declaratory Judgment of Invalidity, Unenforceability, and Non-Infringement of U.S. Patent No.5,001,803 and U.S. Patent No. DES 329,142)

6.      Centrix has filed an action in this Court alleging that certain Andon products infringe the claims of U.S. Patent No. 5,001,803 (the "'803 Patent") and U.S. Patent No. DES 329,142 (the "'142 Patent") (together, the "Patents in Suit").  Andon has denied the essential allegations of the Centrix complaint.

7.      U.S. Patent No. 5,001,803 and U.S. Patent No. DES 329,142 are invalid, void and unenforceable for one or more of the reasons set forth in the U.S. Patent Act, 35 U.S.C. 1 et seq., the Rules and Regulations of the U.S. Patent and Trademark Office set forth in Title 37, C.F.R. Chapter I, or both, and as further alleged herein and in Andon's

17

separate and affirmative defenses. Andon incorporates the First through Eighth Separate and Affirmative Defenses as if set forth at length herein.

8.      Andon's products do not infringe any claim of the '803 Patent or the '142 Patent.

9.      This is an exceptional case within the provisions of 35 U.S.C. 285 and, accordingly, Andon is entitled to an award of reasonable attorneys' fees.


## COUNT II

## Misappropriation of Trade Secrets and Confidential Information

10.     The allegations of paragraphs 1-9 are incorporated herein by reference as if set forth in their entirety.

11.     Over the course of several years, Andon has invested significant money and resources in research and development of its dental brush products and related products, including the processes and equipment used to manufacture dental brushes and related products.

12.     In particular, Robert Newell ("Newell"), when employed by The Applicator Company before the formation of Andon in 1990, and later as President of Andon and then owner of one third of the shares in Andon, performed extensive research and development regarding designs for dental brushes and the equipment to manufacture

such brushes. Andon and Newell also developed information regarding the identity and costs of particular vendors who were able to provide Andon and Newell with specific parts and equipment used in the manufacture of dental brushes, as well as information regarding the manufacturing costs and pricing structure of Andon's dental brushes. In addition, Andon and Newell developed a list of customers and potential customers of Andon's dental brushes, as well as specific pricing information regarding these customers (hereinafter collectively "Andon Confidential Information").

13.     Andon Confidential Information gave Andon a significant competitive advantage. For example, Andon Confidential Information allowed Andon to develop manufacturing processes and equipment that was not commercially available, and Andon used these processes and equipment to produce products not available to competitors. This advantage would be lost if Andon Confidential Information were to become public knowledge.

14.     Andon has made reasonable efforts to preserve and maintain the secrecy of Andon Confidential Information. For example, Andon entered into confidentiality agreements with its customers and vendors to protect Andon and Andon Confidential Information.

15.     Centrix and Andon have been involved in a close business relationship for many years. Even before the formation of Andon in 1990, Centrix was involved in a

close business relationship with Newell, who later became President and shareholder of Andon, and Jerry Robbins ("Robbins"), who became a one-third shareholder of Andon, when Newell and Robbins were employed by The Applicator Company in Riverdale, New Jersey. After The Applicator Company closed, Newell and Robbins went into business with Centrix to produce dental brushes. In 1990, Newell, Robbins, and Centrix formed Andon.

16.    When Andon was formed in 1990, Newell, Robbins, and Centrix each purchased one-third of the shares of Andon. From that time forward, Centrix has held one-third of the shares of Andon, and still holds those shares today.

17.    For many years, an officer of Centrix has been on the Board of Directors of Andon. William Dragan, Vice President and co-owner of Centrix ("Dragan"), was one of the original directors of Andon. Dragan remained on the Board of Andon for eight years. In addition, James Witkowski, a Centrix employee, was an Officer of Andon for several years.

18.    As the holder of one third of the shares of Andon and as a director and officer of Andon, Centrix maintained a close relationship with Andon and with Newell, Andon's President.

19.    Over the course of the close relationship between Centrix and Andon, Andon disclosed to Centrix, in confidence, certain Andon Confidential Information

related to: 1) the design of dental brushes and related products, 2) the processes and equipment used to manufacture such products, including but not limited to the design of and rate of production of certain equipment, 3) the identity and cost of particular vendors who supplied specific parts and equipment to manufacture dental brushes, 4) manufacturing costs and pricing structure regarding Andon's dental brushes, 5) the identity of Andon's customers and potential customers, 6) specific pricing information regarding these customers, and 7) other information that Andon and Newell held in confidence.

20.    Upon information and belief, Centrix also learned of the Andon Confidential Information when Centrix raided Andon's files, under the guise of an audit, and stole documents containing Andon Confidential Information and documents related to Andon billing information.

21.    As a result of the long time close relationship between Centrix and Andon, and as a result of Centrix's role as a one-third shareholder and corporate officer and director of Andon, Centrix had a fiduciary duty to maintain the secrecy of Andon's Confidential Information.

22.    Despite knowing that it should not disclose Andon Confidential Information, Centrix, without the authority of Andon, on or about March 20, 1989, filed

U.S. Patent Application No. 325,888, which subsequently was issued as Patent No. 5,001,803, on March 26, 1991 (the '803 Patent).

23.    On or about March 5, 1990, Centrix also filed, without the authority of Andon, U.S. Patent Application No. 487,824, which subsequently was issued as Patent No. D329,142, on September 8, 1992 (the '142 Patent).

24.    On or about March 19, 1991, Centrix also filed, without the authority of Andon, U.S. patent Application No. 671,523, which subsequently was issued as Patent No. 5,150,495, issued September 29, 1992 (the "'495 Patent").

25.    These patents cover devices and designs that incorporate, are based upon, or constitute Andon Confidential Information.  In addition, Robert Newell is the inventor of the alleged advances over the prior art claimed in the Patents in Suit and the '495 Patent.

26.    Centrix knew that Centrix employees were not the only inventors of the technology disclosed in the patent applications and knew that it was not entitled exclusively to own any patents issued for such inventions.  However, despite Centrix's knowledge, the only inventors named in these patent applications are or were only Centrix employees.

27.    Centrix used its knowledge of Andon Confidential Information, to claim for itself exclusive rights to which it was not entitled.

28.    By failing to disclose all of the true inventors, Centrix obtained the Patents in Suit and the '495 Patent under false pretenses, and committed fraud in the prosecution of these patents.

29.    Centrix also used Andon Confidential Information in the design of Centrix's dental brushes, as well as in Centrix's processes and equipment for manufacturing dental brushes. Centrix then manufactured and sold dental brushes using Andon Confidential Information. For example, Centrix used Andon's vendors to obtain specific parts used by Andon to manufacture dental brushes. Centrix then used these parts to manufacture dental brushes itself, rather than having Andon manufacture them for Centrix. Consequently, Centrix used Andon Confidential Information to manufacture and sell dental brushes rather than Centrix hiring Andon to manufacture the brushes for Centrix. Upon information and belief, using Andon Confidential Information, Centrix had the opportunity to offer for sale and sell dental brushes to customers at a higher profit margin and/or at a lower price, than when Centrix was purchasing brushes from Andon.

30.    Centrix also disclosed Andon Confidential Information to a competitor of Andon, and hired that competitor to make dental brushes for Centrix using Andon Confidential Information.

31.    As a result of Centrix's actions, Andon lost substantial amounts of business.

32.     The unauthorized disclosure of Andon's Confidential Information to obtain patents, the unauthorized taking of Andon's documents containing Andon Confidential Information, and the unauthorized use and disclosure of Andon Confidential Information in Centrix's manufacture and sale of dental brushes, constitutes a misappropriation of Andon's trade secrets and Confidential Information, as well as unfair competition.

33.     Centrix committed the aforesaid acts willfully, wantonly and with the intent to run Andon out of business, and deprive Andon of the benefit of Andon Confidential Information, its inventions, and patents rightfully owned by Andon, its other principals, or co-owned by them with Centrix.

34.     As a direct and proximate result thereof, Andon has been and will continue to be irreparably damaged.

## COUNT III

### Interference with Prospective Economic Advantage

35.     Andon repeats the allegations of paragraphs 1 through 34 of the Counterclaim as if set forth at length herein.

36.    By virtue of its relationship with Andon, Centrix knew of the prospective economic advantage that was available to Andon by patenting its Confidential Information, and using it for commercial gain and advantage.

37.    Centrix also knew of the economic advantage that was available to Andon as a result of Andon's relationships with its customers and vendors.

38.    With knowledge of the economic advantages available from use of the Andon Confidential Information and patent rights, and without any superior right or interest therein, Centrix interfered with Andon's prospective economic advantage.

39.    The acts of Centrix were committed willfully, wantonly and maliciously, and with the intent to injure Andon.

40.    As a direct and proximate result, Andon has been irreparably damaged.

## COUNT IV

### Unjust Enrichment

41.    Andon repeats the allegations of paragraphs 1 through 40 of the Counterclaim as if set forth at length herein.

42.    All of the foregoing acts of Centrix constitute unjust enrichment, as a direct and proximate result of which Andon has sustained irreparable harm and damages.

WHEREFORE, Defendant Andon Brush Company, Inc. requests judgment in its favor as follows:

(a)      declaring the '803 Patent invalid, void and/or unenforceable;

(b)      declaring the '142 Patent invalid, void and/or unenforceable;

(c)      declaring that Andon's accused product has not infringed and does not infringe each of the '803 Patent and the '142 Patent;

(d)      declaring that Andon has not violated any other rights of Centrix;

(e)      in the alternative, ordering that Centrix convey to Andon ownership of the '803 Patent, the '142 Patent and the '495 Patent;

(f)    ordering that Centrix , and all persons acting in concert with it, be temporarily, preliminarily and permanently enjoined from misappropriating or using the Confidential Information of Andon;

(g)    awarding Andon compensatory and punitive damages, interest and all lawful costs

(h)    awarding Andon such other relief as this Court deems just and proper.

## **JURY DEMAND**

Andon hereby demands a trial by jury on all issues so triable herein.

Respectfully submitted,

By: _____

John J. Robinson Esq.
ct 14802
McCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
Phone: (860) 275-6721
Fax: (860) 724-3397
Email: jrobinson@mccarter.com
Attorneys for Defendant and
Counterclaim Plaintiff Andon Brush
Company, Inc.

## CERTIFICATION OF SERVICE

I hereby certify that the within Answer to Complaint, Separate Defenses, Jury Demand, and Counterclaim was served upon the following by overnight mail on October 27, 2003:

> Arthur T. Fattibene
> Fattibene & Fattibene
> 2480 Post Road
> Southport, CT  06890
> Attorney for Plaintiff, Centrix, Inc.

John J. Robinson

NWK2-1057532-v6-ANDON - Centrix - Answer and Counterclaim.DOC