

**UNITED STATES DEPARTMENT OF COMMERCE
Patent and Trademark Office**
Address: COMMISSIONER OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

07/325,888   03/20/89   DISCKO

ARTHUR T. FATTIBENE
2480 POST RD.
SOUTHPORT, CT 06490

07/19/89

☑ This application has been examined   ☐ Responsive to communication filed on _____   ☐ This action is made final.

A shortened statutory period for response to this action is set to expire __3__ month(s), ____ days from the date of this letter.
Failure to respond within the period for response will cause the application to become abandoned. 35 U.S.C. 133

**Part I   THE FOLLOWING ATTACHMENT(S) ARE PART OF THIS ACTION:**

1. ☑ Notice of References Cited by Examiner, PTO-892.
2. ☐ Notice re Patent Drawing, PTO-948.
3. ☐ Notice of Art Cited by Applicant, PTO-1449.
4. ☐ Notice of informal Patent Application, Form PTO-152.
5. ☐ Information on How to Effect Drawing Changes, PTO-1474.
6. ☐

**Part II   SUMMARY OF ACTION**

1. ☑ Claims _1-18_ are pending in the application.
   Of the above, claims _5-15 and 18_ are withdrawn from consideration.
2. ☐ Claims _____ have been cancelled.
3. ☐ Claims _____ are allowed.
4. ☑ Claims _1-4, 16, and 17_ are rejected.
5. ☐ Claims _____ are objected to.
6. ☐ Claims _____ are subject to restriction or election requirement.

7. ☐ This application has been filed with informal drawings under 37 C.F.R. 1.85 which are acceptable for examination purposes.

8. ☐ Formal drawings are required in response to this Office action.

9. ☐ The corrected or substitute drawings have been received on _____. Under 37 C.F.R. 1.84 these drawings are ☐ acceptable. ☐ not acceptable (see explanation or Notice re Patent Drawing, PTO-948).

10. ☐ The proposed additional or substitute sheet(s) of drawings, filed on _____ has (have) been ☐ approved by the examiner. ☐ disapproved by the examiner (see explanation).

11. ☐ The proposed drawing correction, filed on _____, has been ☐ approved. ☐ disapproved (see explanation).

12. ☐ Acknowledgment is made of the claim for priority under U.S.C. 119. The certified copy has ☐ been received ☐ not been received ☐ been filed in parent application, serial no. _____; filed on _____.

13. ☐ Since this application appears to be in condition for allowance except for formal matters, prosecution as to the merits is closed in accordance with the practice under Ex parte Quayle, 1935 C.D. 11; 453 O.G. 213.

14. ☐ Other

EXAMINER'S ACTION

Serial No. 325888
Art Unit 242

-2-

A.  This application contains claims directed to the following patentably distinct species of the claimed invention: the embodiments of figures 1; 2; 3; 4; 5; 7; 9; 11; 12; 14; 16; and 17

Applicant is required under 35 U.S.C. 121 to elect a single disclosed species for prosecution on the merits to which the claims shall be restricted if no generic claim is finally held to be allowable. Currently, claims 1-4 and 17 are generic.

Applicant is advised that a response to this requirement must include an identification of the species that is elected consonant with this requirement, and a listing of all claims readable thereon, including any claims subsequently added. An argument that a generic claim is allowable or that all claims are generic is considered nonresponsive unless accompanied by an election.

Upon the allowance of a generic claim, applicant will be entitled to consideration of claims to additional species which are written in dependent form or otherwise include all the limitations of an allowed generic claim as provided by 37 CFR 1.141. If claims are added after the election, applicant must indicate which are readable upon the elected species. MPEP 809.02(a).

Should applicant traverse on the ground that the species are not patentably distinct, applicant should submit evidence or identify such evidence now of record showing the species to be obvious variants or clearly admit on the record that this is the case. In either instance, if the examiner finds one of the inventions unpatentable over the prior art, the evidence or admission may be used in a rejection under 35 U.S.C. 103 of the other invention.

B.  During a telephone conversation with Mr. Arthur T. Fattibene on 9/8/89 a provisional election was made with traverse to prosecute the invention of Figures 5 and 6, claims 1-4, 16, and 17. Affirmation of this election must be made by applicant in responding to this Office action, and such affirmation must distinctly and

Serial No. 325888 -3-

Art Unit 242

specifically point out the reasons upon which applicant bases his or her conclusion that the requirement to restrict is in error. Claims 5-15 and 18 are withdrawn from further consideration by the Examiner, 37 CFR 1.142(b), as being drawn to a nonelected invention.

C.  The following is a quotation of the appropriate paragraphs of 35 U.S.C. 102 that form the basis for the rejections under this section made in this Office action:

> A person shall be entitled to a patent unless-
>
> (b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one (1) year prior to the date of application for patent in the United States.

Claims 1-4, 16, and 17 are rejected under 35 U.S.C. 102b as being clearly anticipated by Yamaki. The recitation in the claims of the dental brush being for applying coatings to teeth fails to patentably define over Yamaki's device.

D.  The prior art made of record and not relied upon is considered pertinent to applicant's disclosure. The patents cited refer to dental impelments having similar structure to the applicant's.

E.  Any inquiry concerning this communication should be directed to Examiner O'Leary at telephone number 703-557-2900.

O'Leary-org

9/15/89

Harvey C. Hornsby
Supervisory Patent Examiner
Art Unit 242