

IN THE UNITED STATES PATENT AND TRADEMARK OFFICE

| | |
|---|---|
| APPLICANT: JOHN DISCKO, JR. and WILLIAM B. DRAGAN | DOCKET NO.: P-1906 |
| SERIAL NO.: 07/325,888 | EXAMINER: K. O'LEARY |
| FILED: MARCH 20, 1989 | ART UNIT: 242 |
| FOR: DISPOSABLE DENTAL BRUSH | FEBRUARY 9, 1990 |

### AMENDMENT

Hon. Commissioner of Patents & Trademarks
Washington, D. C. 20231

Dear Sir:

In response to the Examiner's action dated September 19, 1989, it is requested that the application be amended as follows:

<u>In the Claims:</u>

Cancel Claims 1, 2, 3 and 4, and substitute in lieu thereof the following new claims:

Claim 19. A readily disposable dental brush for applying various dental materials to a tooth in thin, even coatings comprising

an elongated tubular handle formed of a plastic material and having a bore extending therethrough,

said bore opening to at least one end of said handle,

a tuft of bristles partially inserted into the open end of said bore,

means for securing the bristles therein,

said handle being crimped adjacent the brush end of the handle whereby the opposed tubular wall portion of said handle is pressed together to form a hinged section thereat, whereby said hinged section is rendered sufficiently rigid for allowing said handle to maintain its co-linear elongation for use as a straight brush and yet being sufficiently flexible to permit said brush end to be angularly disposed relative to the longitudinal axis of said elongated handle and maintained in said angularly disposed position.

Claim 20. A readily disposable dental brush as defined in Claim 19 wherein said tubular handle is round.

Claim 21. A readily disposable dental brush as defined in Claim 19 wherein said hinged section permits said brush end to be variably angularly disposed relative to said handle through a range of 180°.

Remarks:

Reconsideration of the application is requested. Claims 5 through 21 are now the claims retained in the application.

In response to the Examiner's request for election of species, Applicant hereby confirms the election of specie illustrated in Figs. 5 and 6.

Claims 19, 20 and 21 contained herein are now considered to be directed to the elected form of the invention. Claims 16 and 17 are considered to be generic.

Claims 5 through 15 and 18 are withdrawn from consideration pending the allowance of a generic claim.

New Claims 19 through 21 have been included herein so as to more particularly define Applicant's invention over the applied references.

For example, Claim 19 is now directed to a readily disposable dental brush for applying various dental materials to a tooth in thin, even coatings which comprise an elongated tubular handle formed of a plastic material having a bore extending therethrough. It is to be noted that the basic reference to Yamaki does not disclose a tubular handle having a bore extending therethrough.

Also, Claim 19 includes the further limitation that the handle brush is crimped adjacent the brush end so that the opposed tubular walls of the handle are pressed or collapsed together to form a living hinge section thereat, whereby the hinge section is sufficiently rigid for allowing the handle to be maintained as a straight brush and yet being sufficiently flexible so as to permit the brush end to be angularly disposed relative to the longitudinal axis of the handle and whereby said brush handle can be maintained in its angularly disposed position.

Claim 20, which is rendered dependent upon Claim 19, includes the additional limitation wherein the tubular handle is round. This is an important feature in the practice of dentistry, because it permits the dentist to be able to rotate the brush in his hands, which is necessary in placing the material properly on a tooth in certain procedures.

It is to be noted that Yamaki does not illustrate either a round handle or a tubular handle which facilitates the manufacturing and forming of the hinge section. Yamaki is an extruded member which requires the utilization of a mold in order to effect the manufacture thereof. Applicant's construction does not require the use of a mold in the manufacture thereof, as it constitutes simply an extruded part which is initially in the form of a straw and because of the bore extending therethrough, enables the tufted bristles to be simply inserted into the open end of the handle and secured therein, and whereby the hinge section is simply formed by a crimp or press to deform the walls of the tubular member to form a hinge section.

Thus, the specific brush construction of the claimed invention is such that the manufacturing thereof is greatly facilitated and whereby the brush can be inexpensively produced so as to render it readily disposable and that the hinge section is simply formed by compressing the intermediate portion of the handle adjacent the brush end to create the living hinge. It is submitted that the construction being claimed constitutes an important advance in the art, not only in the manufacturing of the brush but also in the application of the brush. The Yamaki device is essentially directed to a toothpick or tooth cleaning device which does not impart any suggestion of this application and/or construction as now set forth in the claims. The Examiner is advised that the brush described and claimed in the application has achieved extreme commercial success and has been recognized by the dental profession as being an important advance in the area of dental brushing.

For the reasons herein stated, it is submitted that the claims clearly patentably define over the art of record.

Attached hereto is Applicant's Petition to request a two-month extension for responding to the Examiner's action of September 19, 1989.

In view of the foregoing remarks, reconsideration of the application is requested and a prompt notice of allowance is earnestly solicited.

Respectfully submitted,

ARTHUR T. FATTIBENE, ESQ.
Attorney for Applicant
2480 Post Road
Southport, Connecticut 06490
203-255-4400, Reg. No. 17804

Certificate of Mailing

-4-

IN THE UNITED STATES PATENT & TRADEMARK OFFICE

| | |
|---|---|
| APPLICANT: JOHN DISCKO, JR. ET AL | DOCKET NO.: P-1906 |
| SERIAL NO.: 07/325,888 | ART UNIT: 242 |
| FILED: MARCH 20, 1989 | EXAMINER: E. ROBERTS, JR |
| FOR: DISPOSABLE DENTAL BRUSH | PAPER NO. 9 |
| | OCTOBER 5, 1990 |

A M E N D M E N T

Hon. Commissioner of Patents & Trademarks
Washington, D. C. 29231
Box AF

Dear Sir:

In response to the Examiner's action dated May 9, 1990, please amend the application as follows:

In the Claims:

Cancel Claims 16 and 17.

Claim 19 (amended). A readily disposable dental brush for applying various dental materials to a tooth in thin, even coatings comprising

an elongated tubular handle formed of a plastic material and having a <u>continuous, uninterrupted</u> bore extending therethrough,

said bore opening to at least one of said handle,

a tuft of bristles partially inserted into the open end of said bore, <u>said tubular member allowing said tuft of bristles to be inserted therein to a selectable predetermined length,</u>

means for securing the bristles therein,

said handle [being crimped] <u>having a hinging section formed along said tubular handle spaced from said open end and adjacent said tuft of bristles</u> adjacent the brush end of the handle [whereby] <u>, said hinging section being defined by</u> the opposed tubular wall portions of said handle [is pressed] <u>being disposed contiguous to one another to define a flattened portion</u> [together to form a hinged section thereat], whereby said [hinged] <u>hinging</u> section is rendered sufficiently rigid for allowing said handle to maintain

-1-

its co-linear elongation for use as a straight brush and yet being sufficiently flexible to permit said brush end to be angularly disposed relative to the longitudinal axis of said elongated handle and <u>said flattened portion imparting a memory to said tubular member to</u> [maintained] <u>maintain said brush end</u> in said angularly disposed position.

Claims 5 through 15 and 18 directed to the non-elected species are cancelled without prejudice pending Applicant's decision to effect the filing of the appropriate divisional applications directed thereto.

**Remarks:**

Claims 19, 20 and 21 are now the only claims retained in the application.

Applicant's counsel wishes to thank the Examiner for the interview extended in the above matter on October 3, 1990.

It will be recalled that at the interview, the Applicant submitted a proposed Claim 19, amended as hereinabove set forth.

In urging patentability of Claim 19, Applicant pointed out how the claim, as amended, distinguished over the art of record and over the known prior art. It will be recalled that Applicant, in urging patentability over the prior art, disclosed to the Examiner a number of prior art devices used in the dental profession to evidence and demonstrate how the Applicant's invention being claimed comprised an unobvious advance thereover.

It will be recalled that at the interview, the Applicant's counsel presented a physical embodiment of the device disclosed in U.S. Patent 4,712,226 to emphasize the distinction between it and Applicant's claimed structure.

In distinguishing over this reference, it was pointed out that Yamaki does not disclose a dental brush having an elongated tubular handle portion which is provided with an opening at one end so as to permit the tuft of bristles to be inserted therein to a predetermined and selected length, as is set forth in Claim 19 as amended.

-2-

It was further pointed out that the construction disclosed in Yamaki was an injection molded device and, consequently, it did not provide the ease of construction afforded by Applicant's claim structure.

As evidenced by the physical embodiment of the Yamaki device, it was apparent that the device was directed to a tooth pick and therefore not suitable as a dental brush for applying various dental materials to a tooth in thin, even coatings to which the instant invention is directed.

It was further pointed out that the construction defined by Claim 19 resulted in a very economical device which renders it conducive to be totally disposable, and which could be purchased at a price which would encourage the dentist to dispose of the device. This feature was further stressed as being important for sanitary reasons, and also for the reason that it obviated any need for the dentist or the dental assistants to clean the brushes, as was previously done in the dental profession. It will be recalled that the Applicant also disclosed to the Examiner the sable dental brush which had a fixed angle. It was pointed out that such prior known dental brushes, having a fixed angle and sable bristles, were relatively expensive, and which required the dentist to clean the brush after each application. Not only did this prior art structure require the tedious task of cleaning after each application, it was also pointed out that such brushes could not be readily sterilized, and therefore, could present a sanitary problem. With Applicant's structure, these problems are totally obviated, in that the brushes being rendered so economical to produce because of their specific structure, that there was no need any longer for a dentist to clean the brushes and/or to effect sterilization of the brushes.

The brush would simply be disposed of after each patient.

Also, it will be recalled that with the prior dental brushes having a fixed angle, it was further pointed out that while such brush with a fixed angle could achieve access to the rear teeth, that such brush was not practical for being used on the front teeth. With Applicant's structure, as now set forth in Claim 19, it will be noted that the brush is constructed so that it could be used either as a straight brush or as an angled brush so that it could be used conveniently on all teeth.

After reviewing the art of record and the known prior art devices, samples of which were produced and discussed, it was agreed that Claim 19, as amended herein, appeared to be directed to allowable subject matter and an expressed allowance thereof is earnestly solicited.

Claims 20 and 21, which are rendered dependent upon Claim 19, which has been indicated as being directed to allowable subject matter, are also considered to be in proper form for allowance for the same reasons dictating the patentability of Claim 19.

In view of the foregoing amendments and remarks, reconsideration of the application is requested and a prompt notice of an allowance is earnestly solicited.

Respectfully submitted,

ARTHUR T. FATTIBENE, ESQ.
Attorney for Applicant
2480 Post Road
Southport, Connecticut 06490
203-255-4400; Reg. No. 17804

-4-