IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
At Hartford

CENTRIX, INC.

    Plaintiff/Counter-Defendant

v.                                                               Civil Action No.
                                                                    3:03-CV-703(CFD)(WIG)

ANDON BRUSH COMPANY, INC.,

    Defendant/Counter-Plaintiff

**DECLARATION OF ARTHUR T. FATTIBENE**

I, ARTHUR T. FATTIBENE, hereby declare that I am the attorney of record for the Plaintiff, Centrix, Inc., and that I am personally knowledgeable of the facts stated herein.

    1.  Attached Exhibit 1 is a copy of a letter dated December 12, 2003, written by Kenneth L. Winters, the attorney for the Defendant, Andon Brush Company, Inc., addressed to Arthur T. Fattibene, and on which the Hon. Willliam I. Garfinkel and Andon's local counsel, Matthew Mason, were copied, setting forth Andon's proposed offer of settlement.

    2.  Attached Exhibit 2 is a copy of a letter dated December 18, 2003, written by Andon's counsel, Kenneth L. Winters to Arthur T. Fattibene, on which the Hon. Willliam I. Garfinkel and Andon's local counsel, Matthew Mason, were

1

copied, indicating that Andon agreed to make the $1,000.00 payment Centrix proposed at the Settlement Conference of December 3, 2003, in addition to the terms agreed thereat.

    3.  Attached Exhibit 3 is a copy of a letter dated December 31, 2003, written by Arthur T. Fattibene to the Chambers of Judge William Garfinkel, advising the Court that it appeared the parties had reached an agreement. Exhibit 3 was submitted to Judge Garfinkel pursuant to Judge Garfinkel's request that the Court be kept advised as to the settlement discussions.  The attachment to Exhibit 3 is a copy of the draft agreement prepared by me to memorialize the substance of the agreement reached.

    4.  Attached Exhibit 4 is a copy of a Supply Agreement that was executed on September 5, 1989 between Centrix, Inc. and the Applicator Company relating to the Applicator Company making and supplying Centrix with the patented brushes.

    5.  Attached Exhibit 5 is a copy of U.S. Patent 5,001,803 that was granted on March 26, 1991 on an application filed on March 20, 1989, for a brush construction which is the subject of the instant lawsuit.

    6.  Attached Exhibit 6 is a copy of U.S. Design Patent No. 329,142 granted on September 8, 1992, for the design of the brush construction in suit.

7. Attached Exhibit 7 is a sample of the Andon brush which Centrix asserts infringes the patents in suit.

8. Attached Exhibit 8 is a copy of Centrix' first proposed draft relating to the settlement discussion which was submitted to Andon's initial attorneys, McCarter & English, on October 21, 2003, prior to the settlement conference with the Court on December 3, 2003.

9. Attached Exhibit 9 is a revised version of the proposed Settlement Agreement which was revised by Andon's initial counsel, McCarter & English, which was received on or about October 27, 2003, in response to Centrix' proposed draft of October 21, 2003, attached hereto as Exhibit 8.

10. On or about November 6, 2003, it was discovered that Andon's attorneys, McCarter & English, had a conflict and had to withdraw from the case. As a result, the settlement discussions that Centrix was having with Andon's counsel, McCarter & English, came to an abrupt end.

11. Pursuant to the Court's Settlement Conference Scheduling Order, the parties appeared on December 3, 2003, and at which time the parties continued their settlement discussion. At the Settlement Conference with the Court, Andon was represented by Mr. Robert Newell, president of Andon, with its counsel, Mr. Kenneth L. Winters of the firm of Carella, Byrnes, Bain, Gilfillan, Cecchi, Stewart &

Olstein, and Matthew Mason acting as local counsel for Andon. Centrix was represented by Dr. William B. Dragan, CEO and Melvin Drumm, president of Centrix, with their counsel of record.

12. At the Settlement Conference, the parties made some progress. Andon agreed to immediately cease its alleged infringing acts and would immediately cease the manufacture and sale of the accused infringing products. Andon also agreed that neither Andon and/or its president, Robert Newell, conceived or invented any part of the subject matter disclosed in the patents in suit.

13. Centrix also agreed to reduce its monetary demand from $15,000 to $1,000. However, no final agreement was reached at the Settlement Conference and Judge Garfinkel adjourned the Settlement Conference, at which time the parties agreed to continue their settlement discussions.

14. Attached Exhibit 10 is a copy of a letter dated January 8, 2004, written by Kenneth Winters, Andon's counsel, to Arthur T. Fattibene, advising that the "parties are in agreement to settle this matter upon the terms that had been discussed at the settlement conference" and in addition, Andon Brush Company agreed to pay "$1,000 to Centrix and further that Andon will agree that Robert Newell is not the inventor of the invention claimed in the

4

patent in suit and that all claims in the action will be dismissed." Attached to the letter of January 8, 2004, (Exhibit 10) is a copy of a revised version of the Settlement Agreement which Andon submitted to Centrix.

15. Attached Exhibit 11 is a copy of a letter from Arthur T. Fattibene to Kenneth Winters dated January 12, 2004, acknowledging the receipt of Mr. Winters' letter of January 8, 2004 (Exhibit 10), in which Andon was advised that the revised version of January 8, 2004 draft attached to Exhibit 10 was unacceptable to Centrix. Attached to Exhibit 11, Centrix submitted a further revised draft of the settlement agreement to Andon to memorialize the settlement that was reached.

16. Attached Exhibit 12 is a copy of a letter dated January 14, 2004, written by Andon's counsel, Mr. Winters, to Centrix's counsel, Arthur T. Fattibene, acknowledging receipt of Mr. Fattibene's letter of January 12, 2004 (Exhibit 11). Attached to Exhibit 12, Andon submitted to Centrix a further revised draft to memorialize the settlement reached.

17. Upon receipt of Andon's draft, attached to and forming part of Exhibit 12, Andon was advised that Andon's revised draft of the January 14, 2004 (Exhibit 12) was unacceptable.

5

18. Attached Exhibit 13 is a copy of a letter dated January 15, 2004, written by Andon's counsel, Mr. Winters, to Centrix's counsel, to which there is attached a copy of another revised draft submitted by Andon to Centrix in an effort to obviate the objections Centrix noted with respect to Andon's previous draft agreement attached as Exhibit 12 herein.

19. Attached Exhibit 14 is a copy of a letter dated January 16, 2004 written by Arthur T. Fattibene to Kenneth L. Winters, Andon's counsel of record, advising that Andon's draft attached to Exhibit 13 was not acceptable, as it did not comport with the understanding which had been reached by the parties.

20. Attached to Exhibit 14 is a letter written by me to Andon's counsel, Mr. Winters, including as an attachment Centrix's final draft pertaining to the settlement reached. Centrix's final draft of the settlement agreement attached to Exhibit 14 incorporates virtually verbatim, paragraphs 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14 and 15 of Andon's draft Exhibit 13 settlement agreement draft attached to Exhibit 13.

21. The form of the Stipulation of Dismissal with Prejudice attached to Andon's draft agreement, Exhibit 13, does not comport with the stipulated dismissal with

6

prejudice form which Andon had previously agreed to. In all other respects, all of the substantive terms of the settlement have been agreed to, including the manner in which the substantive terms have been phrased.

    22. Paragraphs 1 through 14 of Centrix's final draft agreement, Exhibit 14, correspond to Paragraphs 1, 2, 3, 4, 5, 6, 7, 9, 10, 11, 12, 13, 14, and 15 of Andon's draft agreement of Exhibit 13 respectively.

    I declare that all statements made herein of my own knowledge are true and that all statements made on information and belief are true and that these statements were made with the knowledge that willful false statements are punishable by fine or imprisonment under Title 18 section 1001 of U.S. Code.

                                      _____
                                          ARTHUR T. FATTIBENE,
                                        Attorney for Centrix, Inc.

Dated: February      , 2004