UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

CENTRIX, INC.,

    Plaintiff,

v.

ANDON BRUSH COMPANY, INC.,

    Defendant.

Civil Action No. 3:03 CV 703 (CFD)

March 3, 2004

### DECLARATION OF KENNETH L. WINTERS

KENNETH L. WINTERS, being of full age, declares under penalty of perjury:

1. I am an attorney admitted to practice in the State of New Jersey and a member of the law firm of Carella, Byrne, Bain, Gilfillan, Cecchi, Stewart & Olstein, counsel for Andon Brush Company, Inc. ("Andon").

2. Attached hereto As Exhibit A is a true copy of the December 17, 2003 letter from counsel for Centrix, Inc. to myself.

2. Attached hereto as Exhibit B is a true copy of the December 22, 2003 letter from counsel for Centrix, Inc. to myself.

3.  Attached hereto as Exhibit C is a true copy of the January 16, 2004 letter from myself to counsel for Centrix, Inc.

I declare under penalty of perjury that the foregoing is true.

Executed on March 1, 2004

                                                           Kenneth L. Winters

# CERTIFICATE OF SERVICE

I hereby certify that, on March 3, 2004, a true and correct copy of the foregoing was served by first class mail, postage prepaid, upon all counsel of record as follows:

Arthur T. Fattibene, Esq.
Fattibene & Fattibene
2480 Post Road
Southport, CT   06490
203-255-4400

_____
Matthew C. Mason

**EXHIBIT A**

# FATTIBENE AND FATTIBENE

ATTORNEYS AT LAW

PATENT, TRADEMARK, COPYRIGHT AND RELATED MATTERS

2480 POST ROAD

SOUTHPORT, CONNECTICUT 06890

ARTHUR T. FATTIBENE
PAUL A. FATTIBENE

TELEPHONE (203)255-4400
FACSIMILE (203)259-0033

December 17, 2003

*CONFIRMATION COPY*
*Original sent by Facsimile*

Kenneth L. Winters
Carella, Byrne, Bain, Gilfillan, Cecchi,
   Stewart & Olstein
5 Becker Farm Road
Roseland, New Jersey 07068-1739

   Re:  **Centrix v. Andon; 3:03 CV 703 (CFD)**

Dear Mr. Winters:

   This will acknowledge receipt of your letter dated December 12, 2003, and will supplement our telephone conversation of December 17, 2003.

   Centrix regrets that Andon and Bob Newell rejected Centrix's offer.

   Andon's and Bob Newell's rejection of Centrix's very reasonable offer is an indication that Andon is not being realistic, and indeed, is not interested in any fair settlement. As a consequence thereof, Centrix is withdrawing all offers previously made.

   As I indicated to you, Centrix has no intention of waiving any monetary compensation for Andon's willful and deliberate acts of infringement in an exchange of Bob Newell's relinquishment of any alleged claim of inventorship for something Bob Newell never invented.

   In addition, Andon's offer, as stated in your letter of December 12, 2003, is also fatally defective in that no reference has been made to the design patent in suit. Also, Centrix cannot agree to the language as phrased in your letter.

   Since the settlement appears to have reached an impasse, I trust that Andon will respond to Centrix's overdue interrogatories, requests for production, and respond to Centrix's pending motion.

FATTIBENE AND FATTIBENE
Attorneys at Law

Kenneth Williams					Page 2					December 17, 2003

    As I indicated to you, Centrix is willing to give Andon an additional two (2) weeks to respond to Centrix's pending motion.

Very truly yours,<br>
**Fattibene and Fattibene**<br><br>
*[signature]*<br>
Arthur T. Fattibene

ATF/esf
cc: Judge Garfinkel
    Matthew Mason, Esq.
    Centrix, Inc.

**EXHIBIT B**

Case 3:03-cv-00703-CFD   Document 55   Filed 03/04/2004   Page 7 of 13

# FATTIBENE AND FATTIBENE
ATTORNEYS AT LAW
PATENT, TRADEMARK, COPYRIGHT AND RELATED MATTERS
2480 POST ROAD
SOUTHPORT, CONNECTICUT 06890

ARTHUR T. FATTIBENE
PAUL A. FATTIBENE

TELEPHONE (203)255-4400
FACSIMILE (203)259-0033

December 22, 2003

**Via Fax and U.S. Mail**
**973-994-1744**

*CONFIRMATION COPY*
*Original sent by Facsimile*

Kenneth L. Winters
Carella, Byrne, Bain, Gilfillan,
  Cecchi, Stewart & Olstein
5 Becker Farm Road
Roseland, NJ 07068-1739

Re: **Centrix, Inc. v. Andon Brush Company, Inc.**
    **Civil Action No. 3:03 CV 703(CFD)**
    **Your File No. 22690.1**

Dear Mr. Winters:

This will acknowledge receipt of your faxed letter dated December 18, 2003.

The problem I have with your letter is that it is not entirely factual and is self-serving. One may characterize your letter as being substantially correct but not exactly.

We had two telephone conversations on December 17, 2003. In the first telephone conversation, you merely inquired about the status of the settlement relating to Andon's counteroffer of December 12th. I advised you that I had just completed drafting my response to Andon's proposal of December 12, 2003. I then orally stated to you that Andon's proposal of December 12th was totally unacceptable for the reasons recited in my letter of December 17, 2003. To confirm the substance of our conversation of your first phone call, the December 17, 2003 letter was sent for record purposes only.

Shortly after our first telephone conversation, you called a second time to advise that Andon would meet the monetary compensation of One Thousand ($1,000) Dollars, which was an essential part of Centrix's offer made at the settlement conference. When you advised me that Andon was agreeable to making the payment of $1,000, <u>I indicated to you that I had no</u>

FATTIBENE AND FATTIBENE
Attorneys at Law

Kenneth L. Winters          Page 2          December 22, 2003

authority to accept or reject that offer, but that I would relay the offer to Centrix. Apparently, after you made the offer of payment and before I could relay the offer to Centrix, you called Judge Garfinkel to advise of Andon's monetary offer, as my office received a call from Judge Garfinkel in which he left a message on my voicemail to that effect. Since then, I have been playing "telephone tag" with Judge Garfinkel.

Contrary to your belief, Centrix believes that this case should be settled, but the settlement must be complete and final, and not partial. The issues raised in this law suit are not limited to just the COBRA style brushes, but also includes the Reliance styled brushes. Also, the lawsuit is not limited to only the utility patent, but also includes the design patent. As I read your letter of December 12, 2003, Andon's proposal does not include the design patent within the framework of the proposed settlement, which is totally unacceptable.

To argue the merits of the design patent is not conducive to settlement. By statute, the design patent is presumed to be valid. Further, a design patent, as you know, is not limited to any specific feature thereof. The definition of a design within the meaning of 35 USC 171 which is adopted by the Patent and Trademark Office is:

> "The design of an object consists of the visual characteristics or aspects displayed by the object. It is the appearance presented by the object which creates an impression, through the eyes upon the mind of the observer."

Also, contrary to your understanding of a design patent, elements of a design may be functional. Avis Group International, Inc. v. LA Gear California, Inc., 853 F.2d 1557, 1563; 7 USPQ 2d 1548, 1553 (Fed Cir 1988); Chisum on Patents, Vol. 1, section 1.04[2-d].

Contrary to your alleged damage analogy, one cannot seriously dispute that Andon's infringement was grossly willful and deliberate in view of the facts of this case, and would entitled Centrix triple damages and attorney fees in view of the willfulness. Also, Centrix would be entitled to lost profits which would be substantially more than a reasonable royalty. Further, a 2.5% royalty is not considered to be a reasonable

**FATTIBENE AND FATTIBENE**
Attorneys at Law

Kenneth L. Winters          Page 3          December 22, 2003

royalty as Andon had previously agreed to a five (5%) percent royalty for a license under the patents in suit.

 Your argument relating to my alleged conflict is not persuasive. There is no requirement or need for me to testify, and I do not intend to testify. The fact that Andon may call me as a witness does not disqualify me or raise any issue of conflict. If this were the rule, then any party's attorney could be disqualified merely by the opposing party calling its adversary attorney to testify. Issues of claim construction also do not require me to testify. Centrix will retain patent experts to testify with respect to any disputed patent issue.
 Robert Newell is not a party to this lawsuit, and thus, Bob's claim of any alleged conflict is irrelevant. The patent I prosecuted, in which Robert Newell was the named inventor, occurred some twelve years ago, and when Centrix had the controlling influence over Andon.

 Please consider this letter as a response to your faxed letter of December 17, 2003, merely to make of record Centrix's rebuttal to your asserted arguments.

 As to Andon's monetary offer, this is to advise you that Dr. Dragan has been unavailable and I understand he underwent a medical procedure on Thursday, December 18, 2003, and I was engaged in a Court hearing on Friday, December 19, 2003. Hopefully, I will be able to get Centrix's thoughts on Andon's recent monetary offer. When Centrix has had an opportunity to consider Andon's monetary offer, I will so advise you.

Very truly yours,<br>
<b>Fattibene and Fattibene</b><br><br>
Arthur T. Fattibene

ATF/esf
cc: Judge Garfinkel (by mail & fax 203-579-5946)
   Centrix, Inc. (via fax)
   Matthew Mason (via fax 203-834-1628)

**EXHIBIT C**

# CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN

CHARLES C. CARELLA
BRENDAN T. BYRNE
JOHN N. BAIN
JOHN G. GILFILLAN, III
PETER G. STEWART
ELLIOT M. OLSTEIN
ARTHUR T. VANDERBILT, II
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI
JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
KENNETH L. WINTERS
JEFFREY A. COOPER
CARL R. WOODWARD, III
NABIL N. KASSEM
MELISSA E. FLAX
DENNIS F. GLEASON
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD

HERBERT M. RINALDI
RICHARD K. MATANLE, II
DONALD S. BROOKS
RAYMOND R. SIBERINE
FRANCIS C. HAND
AVRAM S. EULE
LINDSEY H. TAYLOR
ROBERT I. HALPERN°
RAYMOND W. FISHER
DAVID J. REICH
OF COUNSEL

JAMES D. CECCHI (1933-1995)

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

5 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
(973) 994-1700
TELECOPIER (973) 994-1744

RAYMOND J. LILLIE
WILLIAM SQUIRE
BRIAN H. FENLON
ROBERT P. DONOVAN
ALAN J. GRANT°
NICOLA R.J. HADZIOSMANOVIC
MICHAEL P. PASQUALE
LAURA S. MUNZER
MARC D. MICELI
RAYMOND E. STAUFFER°
KERRIE R. HESLIN
ROBERT C. SCRIVO
JACOB A. KUBERT
MICHAEL A. PETROCELLI□
°MEMBER N.Y. BAR ONLY
□MEMBER CT BAR ONLY

January 16, 2004

**VIA TELECOPY ONLY**
Telecopy No. (203) 259-0033

Arthur T. Fattibene, Esq.
Fattibene and Fattibene
2480 Post Road
Southport, Connecticut 06890

    Re:    Centrix, Inc. v. Andon Brush Company, Inc.
           Civil Action No. 3:03cv703(CFD)
           Our File No. 22690.1

Dear Mr. Fattibene:

    I am in receipt of your faxed letter of January 16, 2004.

    I have not had an opportunity to review you letter with Andon Brush Company, Inc. at this time. Consequently, I will not be responding in detail to the matters set forth in your letter until my return to the office on Tuesday, January 20.

    However, I can and will state at this time that a settlement was not reached on the terms you set forth in your letter and your latest draft. Without enumerating all the matters on which the parties did not reach agreement in the course of the settlement discussions, the record is clear that Andon has never agreed to your draft of the settlement agreement and in all drafts of the settlement agreement which were proposed by Andon those drafts included a provision that the only defense relinquished was a defense that Andon and/or Robert Newell were inventors.

Arthur T. Fattibene, Esq.
January 16, 2004
page 2

  A more detailed response addressing other matters raised in your letter will be forthcoming after I have an opportunity to discuss your letter with Andon Brush Company, Inc.

        Very truly yours,

       CARELLA, BYRNE, BAIN, GILFILLAN,
       CECCHI, STEWART & OLSTEIN

        KENNETH L. WINTERS