IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT
At Hartford

CENTRIX, INC.

    Plaintiff/Counter-Defendant

  v.                                               Civil Action No.
                                                      3:03-CV-703(CFD)(WIG)

ANDON BRUSH COMPANY, INC.,

    Defendant/Counter-Plaintiff

**PLAINTIFF, CENTRIX, INC.'S REPLY MEMORANDUM
TO DEFENDANT, ANDON BRUSH COMPANY, INC.'S
MEMORANDUM IN OPPOSITION TO CENTRIX'S
MOTION TO ENFORCE SETTLEMENT AGREEMENT**

                                    Arthur T. Fattibene, CT 06916
                                    Paul A. Fattibene, CT 12760
                                    Attorneys for Plaintiff,
                                    Centrix, Inc.
                                    2480 Post Road
                                    Southport, CT 06890
                                    Tel: 203-255-4400;
                                    Fax: 203-259-0033

**I.   NATURE OF PROCEEDINGS**

On March 4, 2004, Plaintiff, Centrix, Inc. (Centrix) was served with Defendant, Andon Brush Company, Inc.'s (Andon) Memorandum in Opposition to Centrix's Motion to Enforce Settlement Agreement And To Stay Discovery and/or To Extend the Discovery Deadlines.  Pursuant to Conn.L.Civ.Rule 7(d), this is Centrix's Reply to Andon's Memorandum in Opposition to Centrix's Motion to Enforce Settlement and to Stay or Extend the Discovery Schedule.

**A R G U M E N T**

**A.   As To The Facts**

At page 2 of Andon's Memorandum in Opposition to Centrix's Motion, Andon asserts that the settlement conference conducted by Magistrate Judge Garfinkel occurred on December 6, 2003.  Actually, Judge Garfinkel conducted the settlement conference on December 3, 2003 and not December 6, 2003.

At page 2 of Andon's Opposition Memorandum, Andon asserts that:

> "The discussion at the conference did not include any discussion concerning a reservation of any right by Centrix to commence any future action on the patents against Andon, nor any discussion of the manner in which the claims in the pending

1

>action would be dismissed.  See Exhibit 10 to Fattibene Declaration."

Exhibit 10 (Fattibene Declaration), to which Andon directs the Court's attention, included a draft of the agreement prepared by Andon's counsel, Mr. Winters, which included the form of the Stipulated Dismissal with Prejudice Andon agreed to, which was attached as Exhibit A. Paragraph 6 of Mr. Winter's draft agreement attached to his letter of January 8, 2004 (Fattibene Declaration, Exhibit 10), stated:

> "6. The parties hereto agree to execute and file a Stipulation of Dismissal of the Lawsuit in the form attached hereto as Exhibit A."

The attached form of the Stipulation of Dismissal (Exhibit A) expressly stated:

> "The dismissal of all claims, counterclaims and affirmative defenses pleaded by the parties herein shall be dismissed with prejudice."

While the form of the Stipulation of Dismissal contemplated by the parties may not have been formally discussed at the Settlement Conference, the parties understood that upon any settlement reached, all claims raised by the pleadings would be dismissed with prejudice.

As the parties so understood is rendered readily apparent when it is noted that in Centrix's initial draft agreement (Exhibit 8-Fattibene Declaration) submitted to

2

Andon's initial attorneys, McCarter & English on October 21, 2003, contained a Stipulation of Dismissal form pursuant to paragraph 6 of the draft agreement (Exhibit 8, Fattibene Declaration) suggesting that the parties stipulate a dismissal of the lawsuit <u>without prejudice</u>. (Emphasis added). However, in response thereto, Andon's former counsel, McCarter & English, submitted a revised draft (Exhibit 9, Fattibene Declaration), in which Andon proposed a dismissal of the lawsuit with prejudice.

There can be no doubt that the parties understood and did agree as to the form of the Stipulation of Dismissal with prejudice of all claims, counterclaims and affirmative defenses raised by the pleadings, since the form of the Stipulation remain intact. See Andon's further proposed draft Agreement Exhibit 12, Fattibene Declaration of January 14, 2004.

After the parties have reached a final agreement, Andon seeks to negate the settlement reached by arguing that the parties never reached agreement as to the form of the Stipulation of Dismissal.

At page 5 of Andon's Opposing Memorandum, Andon states that the agreement set forth in Andon's letter of January 8, 2004 (Exhibit 10-Fattibene Declaration) "does not specify that the dismissal would be with prejudice, nor

3

does it provide the dismissal of anything other than the claims asserted in the complaint and counterclaim." Andon neglects to state that the form of the Stipulation to dismiss required by paragraph 6 of Andon's own proposed draft of the settlement agreement, <u>attached to Andon's letter of January 8, 2004, expressly stated</u> "The dismissal of all claims, counterclaims and affirmative defenses pleaded by the parties herein shall be dismissed with prejudice." and to which Centrix takes no issue, and is in agreement therewith.

At page 5, first line, Andon asserts that "Centrix was rejecting Andon's term that there will be no concession of validity or infringement." The Court is urged to note that in the <u>final form of the Settlement Agreement, there is nothing to connote that Andon is conceding validity and/or infringement</u>. (See Exhibit 14-Fattibene Declaration, which incorporates virtually literally the language of Andon's draft agreement; Exhibit 13-Fattibene Declaration).

**B.  The Parties Have Reached An Enforceable Agreement That Is Clear and Unambiguous.**

The case law sited at page 10 of Andon's Opposing Memorandum can be readily distinguishable on the facts. In <u>Millgaro Corp. v. White Oak Corp.</u>, 224 F.Supp. 2d 425 (D.

4

Conn. 2002), it was noted that the agreement in question was a fairly complex settlement agreement in which a significant issue of a $250,000.00 credit was not resolved. In the case at bar, the agreement reached is neither complex and/or unambiguous, and that contrary to Andon's argument of counsel, the parties have reached an agreement on all of the substantive issues that is clear and unambiguous.

Andon's claims to the effect that it needs to preserve its affirmative defense in the event of a future infringement action is bogus.  Andon does not dispute that it has agreed that it will "immediately cease and desist manufacturing, having manufactured, using and/or selling the accused" brushes and that Andon will not make, have made, use and/or sell any brush, either directly or indirectly, that will infringe" the patents in suit.  As long as Andon does not breach this agreement, there can be no future infringement suit.  However, since the settlement agreement does not include a "paid-up license", Centrix should be entitled to remedy any future infringement by either suing on the settlement agreement and/or by a new infringement action.  Whether any future infringement will ever occur is solely within the control of Andon.  It is irrational on the part of Andon to settle this lawsuit with

5

the understanding that it will not infringe the patents in suit, and at the same time expect to preserve its affirmative defenses in the event Andon decides to breach the agreement and infringe the patent in suit at some future date after effecting the settlement.

In view of the facts of this case, the Court is not being asked to create an agreement as Andon argues at page 10 of its Memorandum.  Centrix is urging that the Court enforce the agreement that has been reached.

At page 12, Andon argues that Centrix is insisting "upon a reservation of a right to reinstitute a patent infringement action".  Centrix is not insisting "upon a reservation of a right to reinstitute a patent infringement action."  Infringement is a tort which continues until abated.  The patent itself gives Centrix the right to sue in the event of infringement.  Absent a "paid-up" license, Centrix would have that right to sue for any future infringement, whether or not that right is expressed or not expressed in the settlement agreement.  The reason for expressing the right in the settlement agreement is to clearly define that the settlement agreement cannot be construed as a paid-up license.

6

**C.  The Court Should Stay Discovery and/or Extend The Discovery Time.**

At page 14, Andon notes that little progress has been made with respect to preparing this action for trial. Centrix agrees with Andon that little progress has been made in preparing for trial. This has been primarily due to the parties' efforts to resolve the litigation by means of an amicable settlement. Centrix contends a settlement has been reached. Magistrate Judge Garfinkel now has issued a follow-up Settlement Conference calendar for April 16, 2004 at 10:00 a.m. Attached is a copy of Judge Garfinkel's Settlement Conference Calendar.

The Court is also advised that pleadings have yet to be closed, as there is currently pending before the Court Centrix's Fed.R.Civ.P. Rule 12 Motion to Dismiss Andon's Counterclaims II, III and IV for failure to state a cause of action, and to strike or render a more definite statement as to certain of Andon's pleaded affirmative defenses.

Meanwhile, Centrix has attempted to undertake limited discovery by way of interrogatories, requests for production of documents and requests for admission. To date, Andon has not produced a single document to Centrix's Requests for Production Nos. 1 to 21 served on Andon on or

7

about February 12, 2004.  It is submitted that Andon's responses to Centrix's few Interrogatories 1 to 17 have been less than candid and Centrix's Interrogatories 18 to 20 have yet to be answered.

On or about February 2, 2004, Andon served on Centrix a First Set of Interrogatories and a first set of Requests for Production of Documents.  In view of Centrix's pending motion to enforce the settlement agreement, Andon and Centrix agreed that Centrix's time to respond to Andon's Interrogatories and Requests for Production be extended approximately three weeks.

Admittedly, it appears that both Centrix and Andon contemplated that settlement could be reached, and which Centrix asserts has now been reached, whereby all discovery and the discovery schedule would be rendered moot in the event Centrix's Motion to Enforce Settlement is granted.

8

**C O N C L U S I O N**

For the reasons stated and in view of the record before this Court, Centrix requests that the Court grant Centrix's Motion to Enforce the settlement reached as per Exhibit 14-Fattibene Declaration.

Respectfully submitted,

_____
Arthur T. Fattibene, CT06916
Counsel for Plaintiff
Fattibene and Fattibene
2480 Post Road
Southport, CT 06890
Tel:  203-255-4400
Fax:  203-259-0033