UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| CENTRIX, INC., <br><br> Plaintiff, <br><br> v. <br><br> ANDON BRUSH COMPANY, INC., <br><br> Defendant. | : <br> : **Civil Action No. 3:03 CV 703 (CFD)** <br> : <br> : <br> : <br> : <br> : <br> : **April 27, 2004** <br> : |

**DEFENDANT, ANDON BRUSH COMPANY, INC.'S MEMORANDUM IN SUPPORT OF MOTION TO ENFORCE SETTLEMENT AND TO STAY DISCOVERY**

Defendant Andon Brush Company, Inc., respectfully submits this Memorandum In Support of it Motion to Enforce Settlement and to Stay Discovery.

### STATEMENT OF FACTS

This is an action in which the plaintiff, Centrix Inc. ("Centrix") alleges infringement of two U.S. Patents relating to a form of dental brush. One patent is a utility patent, the other is a design patent. Centrix also asserts related claims of unfair competition. The defendant, Andon Brush Company, Inc. ("Andon") denies infringement of the patents, challenges the validity of the patents on a number of

grounds, and asserts counterclaims for a declaratory judgment of invalidity, unenforceability, and non-infringement (Count I), for misappropriation of trade secrets and confidential information (Count II), for interference with prospective economic advantage (Count III), and for unjust enrichment (Count IV).

The facts relevant to the present motion are set forth the Declaration of Robert Newell and the Declaration of Kenneth L. Winters, which are served and filed herewith.

A settlement conference was conducted by Magistrate Judge Garfinkle on December 3, 2003. The conference was attended by principals from the parties to this action, as well as by counsel for those parties. The settlement conference did result in some progress towards the parties reaching an agreement to resolve this matter. The issues discussed at the settlement conference were (1) whether Andon would cease manufacturing and selling the brush that was accused of infringing the patents at issue, (2) whether Andon would relinquish a defense that its principal, Robert Newell, was a co-inventor of the subject matter of the patent, and (3) whether there would be any payment from Andon to Centrix.

Subsequent correspondence resulted in the parties being close to settling the matter but agreement had not been reached on the issue of whether Andon's affirmative defenses would be dismissed with prejudice. See, Exhibits A and B to the April 26, 2004 Declaration of Kenneth L. Winters ("Winters Declaration").

On April 16, 2004, a further settlement conference was held in the above captioned action. The conference was held before United States Magistrate Judge William I. Garfinkel in Bridgeport Connecticut. At the April 16, 2004 settlement conference, it was explained to Magistrate Judge Garfinkel that Andon was concerned that if its affirmative defenses were dismissed with prejudice, it could find itself disadvantaged if Centrix were to wrongly bring an infringement action on other products that Andon might make in the future.

At the April 16, 2004 settlement conference, Magistrate Judge Garfinkel suggested that if Centrix were to agree that certain products would be deemed not to infringe the patent in suit, then Andon's concerns about a dismissal of the affirmative defenses with prejudice might eliminated.

In layman's terms, the patents in suit are with respect to disposable dental brushes. The utility patent, in layman's terms, is for a brush having a completely hollow handle and which has a "crimp" in the handle near the brush end which enables the user of the brush to bend the brush at the point of the crimp. The design patent is for the appearance of such a brush having such a crimp. As a result of Magistrate Judge Garfinkel's suggestion, Andon questioned Centrix whether certain possible future products of Andon would be deemed to be non-infringing.

At the conference, Andon asked Centrix whether Centrix considered a solid handle brush not to infringe. Centrix agreed that a solid handle brush would not be deemed infringing. Andon also asked Centrix whether a brush that was not hollow throughout the length of its handle, such as molded brush which hollow at the portion of the handle where the bristles are inserted, would not infringe. Centrix responded that such a brush would not infringe, and even wished Andon good luck if it tried to manufacture such a brush.

Andon asked Centrix at the conference if a brush that was already bent as part of the manufacturing process would not infringe even if such a bending during manufacture resulted in some form of crease, crimp or flattening at the point of the bend. Centrix agreed that such a brush would not infringe. At the conference, Andon asked Centrix whether a hollow handled brush which was bendable by means other than a crimp would infringe the patents. Centrix replied that it would not.

After considering these statements by Centrix, Andon gave additional consideration to Magistrate Judge Garfinkel's suggestion that Andon could agree to dismissing its affirmative defenses with prejudice. After such consideration, Centrix was informed that Andon agrees to dismissal with prejudice with an agreement that the products which were the subject of Andon's questions Centrix are agreed to be non-infringing. Centrix so agreed, even stating that by saying all

4

of the above in a settlement conference before Magistrate Judge Garfinkel, Centrix could not later take a position that the products Andon had asked about as shown above would be infringements.

While the parties were waiting to inform Magistrate Judge Garfinkel of those results of the conference, Andon asked Centrix whether Andon and Centrix could agree on allowing Andon to sell accused brushes which it had in stock. Centrix asked how many accused brushes were in stock, and Andon indicated that it was approximately 200,000 brushes. Centrix then offered to allow such a sale for an 8% royalty on the selling price. Andon made a counter-proposal of a 5% royalty. Centrix sought to adhere to 8% and suggested that the parties calculate the actual dollar amount of the proposed royalties. Centrix calculated an 8% royalty to amount to $560.00 and calculated a 5% royalty to amount to $350.00. After some additional discussion, Centrix proposed that the royalty be an even $500.00. Reluctantly, a royalty of $500.00 was acceptable to Andon.

Thereafter, the parties and their attorneys informed Magistrate Judge Garfinkel in chambers of the agreement that had been reached. At the conclusion of the conference, Andon's counsel stated that he would send proposed language to Centrix's attorney later that day or on Monday setting forth a description of the products that would be deemed not to infringe and language regarding the sale of

Andon's remaining stock of accused brushes. Centrix did not disagree with that offer to prepare such language.

On Monday, April 19, 2004, Andon's attorney prepared a letter to counsel for Centrix. That letter proposed language to implement the matters that were agreed upon at the April 14, 2004 conference.

On April 21, 2004, Andon's counsel received a letter from Centrix's attorney. Centrix states that it does not agree with the proposed language, but completely fails to state how the language proposed in the April 19, 2004 letter fails to implement in any manner the matters agreed upon at the April 16, 2004 conference. Centrix also did not propose any alternative language to implement the matters agreed upon at the April 16, 2004 conference.

On April 21, 2004, Andon's counsel sent a letter to Centrix's counsel. In that letter, Andon's attorney specifically stated how the language set forth in his April 19, 2004 letter related to and implemented the matters agreed upon at the April 16, 2004 conference. Centrix did not deny any of the statements set forth in April 21, 2004 letter from Andon's attorney, nor respond to that letter other than by issuing a Notice for the deposition of Andon's president for May 3, 2004. Centrix issued that Notice, as well as a letter of April 23, 2004 regarding other discovery issues, notwithstanding that Centrix itself has a motion pending to stay discovery which was filed as part of an earlier motion relating to an alleged settlement in this action.

On April 22, 2004, Andon's counsel prepared and sent to counsel for Centrix a form of settlement agreement to embody the matters agreed upon at the April 16, 204 settlement conference. The form of the settlement agreement is the form proposed by Centrix on January 16, 2004, to which was added that language set forth in the April 19, 2004 letter to implement the terms that were agreed upon at the April 16, conference, and the addition on the Stipulation of Dismissal that is it "so ordered" so as to render enforceable under Kokkonnen v. Guardian Life Insurance Company of America, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994) the reservation of the Court's right to enforce the settlement.

To date, Centrix has not given any affirmative indication that it will sign the settlement agreement to carry out the matters agreed upon at the April 16, 2004 settlement conference.

## ARGUMENT

### POINT I

**THE PARTIES REACHED AN AGREEMENT TO SETTLE THIS ACTION AT THE APRIL 16, 2004 CONFERENCE, AND THAT AGREEMENT SHOULD BE ENFORCED.**

It has long been recognized that the courts have broad, inherent authority and equitable power to enforce an agreement in settlement of litigation before it. Bostick Foundry v. Lindberg , 797 F.2d 280, 282-83 (6th Cir 1986) Moreover, a

7

federal court possesses this power even if the agreement has not been reduced to writing. Brock v. Scheuner Corp., 841 F.2d 151, 154 (5th Cir 1998). It is well settled that a federal court has the inherent power to enforce and to consider challenges to settlements entered into in cases originally filed therein. Fox v. Consolidated Rail Corp., 739 F.2d 929, 932 (3d Cir. 1984), *cert. denied*, 469 U.S. 1190, 105 S.Ct. 962, 83 L. Ed. 2d 968 (1985).

It has been long established that courts favor dispute resolution through voluntary settlements and that settlement contracts will be upheld wherever possible because they are a means of amicably resolving doubts and uncertainties and preventing lawsuits. S and T Mfg. Co. V. County of Hillsborough, 815 F.2d 676, 2 USPQ 2d 1280, 1281 (Fed. Cir. 1997).

A settlement agreement is a contract. Core-Vent Corp. v. Imulant Innovations, Inc., 53 F.3d 1252, 34 USPQ 2d 1581 1584 (Fed Cir 1995); S and T Mfg. Co. V. County of Hillsborough, 815 F.2d 676, 2 USPQ 2d 1280, 1281 (Fed Cir 1997) See also, U.S. v. Lightman, 988 F. Supp. 448, 458 (D.N.J. 1997). For a settlement to arise, there must be an offer of settlement and acceptance of that offer. Enterprise Rent-A-Car Co. v. Rent-A-Wreck of America, Inc., 51 U.S.P.Q.2d 1213, 1215 (8th Cir. 1999). An essential prerequisite for a valid settlement agreement is that the parties mutually assent to the terms and conditions of the settlement. Millgard Corp. v. White Oak Corp., 224 F. Supp. 2d 425, 432

(D.Conn. 2002).

As indicated above herein and in the Declarations in support of this motion, the parties hereto reached an agreement at the April 16, 2004 settlement conference to settle this action. Coming into the conference, the only issue that was not agreed upon was whether the dismissal of Andon's counterclaims would be with prejudice. At the conference, agreement was reached that the dismissal would be with prejudice when Centrix agreed that the various types of brushes it was questioned about would not be deemed to infringe the patents. That exchange of agreements resolved the one issue that was open, and the parties also reached an agreement on another matter, to wit the payment of a fixed rate royalty to enable the sale of Andon's existing stock of accused brushes.

After the April 16, conference, there were no unresolved issues  The only remaining task was to set forth language expressing that which was agreed upon, and Andon's counsel did so on in his April 19, 2004 letter. Centrix has not made any assertion that the proposed language does not implement the matters agreed upon at the April 16, 2004 conference, but instead simply repudiates the agreement reached at the April 16, 2004 conference without even an explanation of the basis that repudiation. Agreement having been reached at the conference, the post-conference repudiation by Centrix is too late. The settlement reached at the April 16, 204 conference should be enforced.

## POINT II

## THE COURT SHOULD STAY DISCOVERY

In February, 2004, Centrix filed a motion to enforce what it claimed a settlement arising out of the December 2003 settlement conference (and which Andon opposed on the basis that the parties had not reached an agreement on all the terms of a settlement), and coupled with that motion a motion to stay discovery. There was outstanding at the time of that motion, and which remains outstanding, against Centrix in the form of interrogatories and document requests.

Subsequent to the issuance of the notice for the April 16, 2004 settlement conference, the parties had discussed holding certain discovery in abeyance pending the outcome of that conference. Due to a concern over the existing pretrial schedule, an emergent call was place to Judge Droney in early April to obtain an extension of the dates in the pretrial schedule to enable the deposition of Andon's president to be adjourned, That deposition was adjourned.

As set forth previously herein, the parties reached a settlement at the April 16, 2004 conference. Since then, however, Centrix has repudiated that settlement and seeks to proceed with discovery, including the scheduling of a deposition of Andon's president for May 3, 2004.

Andon moves for a stay so as to avoid the unnecessary expenditure of time, money and energy of the respective parties in undertaking continued discovery that will include the taking of depositions and further written discovery which should all be rendered moot by the granting of Andon's motion to enforce the settlement

reached at the April 16, 2004 conference. It makes good practical sense to stay any further discovery pending the Court's resolution of Andon's motion to enforce settlement for all of the reasons stated herein. Further, neither party would be prejudiced by granting the stay. It should be noted that in conjunction with its early motion to enforce settlement, Centrix also sought a stay of discovery, and since that motion is still pending, must still be seeking such a stay.

The Court is also urged to note that the pleadings are not yet closed, as there is currently pending before the Court Centrix's Rule 12 Motion to Dismiss certain of Andon's Counterclaims and/or affirmative defenses. No answer has even been filed to date by Centrix to Andon's counterclaims. Therefore, it is requested that the Court stay discovery pending the resolution of this motion.

## CONCLUSION

Based upon the foregoing, it is respectfully submitted that the motion by Andon to enforce a settlement and the motion to stay discovery be granted.

Respectfully submitted,
ANDON BRUSH COMPANY, INC.

By: Kenneth L. Winters, Esq. CT25530
Carella, Byrne, Bain, Gilfillan,
 Cecchi, Stewart, & Olstein
5 Becker Farm Road
Roseland, New Jersey 07068
(973) 994-1700 (Tel.)
(973) 994-1744 (Fax.)
Email:    kwinters@carellabyrne.com

Matthew C. Mason (ct 15291)
Gregory and Adams, P.C.
190 Old Ridgefield Road
Wilton, CT 06897
(203) 762-9000 (Tel.)
(203) 834-1628 (Fax)
Email: mmason@gregoryandadams.com