## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| CENTRIX, INC., | : |
| | : **Civil Action No. 3:03 CV 703 (CFD)** |
| Plaintiff, | : |
| | : |
| v. | : **DECLARATION OF** |
| | : **ROBERT L. NEWELL** |
| ANDON BRUSH COMPANY, INC., | : |
| | : |
| Defendant. | : **April 27, 2004** |
| | : |

Robert L. Newell, being of full age, declares under penalty of perjury:

1.      I am the president of Andon Brush Company, Inc. ("Andon"), which is the defendant in the above entitled action. I have personal knowledge of the statements made herein.

2.      On Friday, April 16, 2004, I attended a settlement conference in this case. The conference was held before United States Magistrate Judge William I Garfinkel. This conference was scheduled after a settlement conference on December 3, 2003, made progress towards a settlement but had not yet reached a settlement.

3.      As of the commencement of the April 16, 2004 conference, Centrix Inc. ("Centrix") and Andon has reached an impasse in their settlement negotiations over the issue of whether the dismissal of certain affirmative defenses of Andon in the case would be without prejudice or would be with prejudice. Among the defense at issue were defenses relating to the validity of the patents which Centrix was suing upon in this action. Several differences also still existed with respect to some of the wording of the drafts of the settlement agreements which had been exchanged between the parties.

4.    At the April 16, 2004 settlement conference, it was explained to Magistrate Judge Garfinkel that Andon was concerned that if it dismissed its affirmative defenses with prejudice, it could find itself disadvantaged if, in the future, Centrix brought an infringement action on other products that Andon might make in the future particularly if the future products were products that were in the prior art or which did not embody certain elements of the patent claims.

5.    Magistrate Judge Garfinkel suggested that if Centrix were to agree that certain products would be deemed not to infringe the patent in suit, then Andon's concerns about a dismissal of the affirmative defenses with prejudice might eliminated.  As a result of Magistrate Judge Garfinkel's suggestion, I questioned the chief executive officer of Centrix, Dr. Dragan, whether certain possible future products of Andon would be deemed to be non-infringing.

6.    In layman's terms, the patents in suit are with respect to disposable dental brushes. The utility patent, in layman's terms, is for a brush having a completely hollow handle and which has a "crimp" in the handle near the brush end which enables the user of the brush to bend the brush at the point of the crimp.  The design patent is for the appearance of such a brush having such a crimp.

7.    At the conference, I specifically asked Dr. Dragan whether Centrix considered a solid handle brush not to infringe.  Dr. Dragan agreed that a solid handle brush would not be deemed infringing.

8.    At the conference, I specifically asked Dr. Dragan whether a brush that was not hollow throughout the length of its handle, such as molded brush which hollow at the portion of the handle where the bristles are inserted, would not infringe.  Dr. Dragan responded that such a brush would not infringe, and even wished Andon good luck if it tried to manufacture such a brush.

2

9.    I also asked Dr. Dragan at the conference if a brush that was already bent as part of the manufacturing process would not infringe even if such a bending during manufacture resulted in some form of crease, crimp or flattening at the point of the bend. He agreed that such a brush would not infringe.

10.    At the conference, I also asked Dr. Dragan whether a hollow handled brush which was bendable by means other than a crimp would infringe the patents. He replied that it would not.

11.    Based upon these statements by Dr. Dragan of Centrix, I gave additional consideration to Magistrate Judge Garfinkel's suggestion that Andon could agree to dismissing its affirmative defenses with prejudice. After such consideration, Centrix was informed that Andon agrees to dismissal with prejudice with an agreement that the products which were the subject of my questions to Dr. Dragan are agreed to be non-infringing. Centrix so agreed, even stating that by saying all of the above in a settlement conference before Magistrate Judge Garfinkel, Centrix could not later take a position that the products I had asked about as shown above would be infringements.

12.    While the parties were waiting to inform Magistrate Judge Garfinkel of those results of the conference,  I asked Dr. Dragan whether Andon and Centrix could agree on allowing Andon to sell accused brushes which it had in stock. Dr. Dragan asked how many accused brushes were in stock, and I told him that it was approximately 200,000 brushes. Dr. Dragan then offered to allow such a sale for an 8% royalty on the selling price. I made a counter-proposal of a 5% royalty. Dr. Dragan sought to adhere to 8%. Dr. Dragan suggested that we calculate the actual dollar amount of the proposed royalties, and he calculated an 8% royalty to amount to $560.00 and he calculated a 5% royalty to amount to $350.00. After some

additional discussion, Dr. Dragan proposed that the royalty be an even $500.00. Reluctantly, a royalty of $500.00 was acceptable to Andon.

13.     Thereafter, the parties and their attorneys informed Magistrate Judge Garfinkel in chambers of the agreement that had been reached. The conference concluded by Andon's attorney stating that he would send proposed language to Centrix's attorney later that day or on Monday setting forth a description of the products that would be deemed not to infringe and language regarding the sale of Andon's remaining stock of accused brushes. Centrix did not disagree with the offer of Andon's attorney to prepare and send such language, and such a letter was prepared.

14.     I understand from seeing copies of correspondence and other documents from Centrix's attorney that Centrix is now repudiating the settlement that was reached on April 16, 2004, and seeking to proceed with discovery and the litigation of this action.

I declare under penalty of perjury that the foregoing is true.

Executed on April 26, 2004

Robert L. Newell