# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |
|---|---|
| CENTRIX, INC., | : |
| Plaintiff, | :  **Civil Action No. 3:03 CV 703 (CFD)** |
| v. | :  **REPLY DECLARATION OF** |
|  | :  **ROBERT L. NEWELL** |
| ANDON BRUSH COMPANY, INC., | : |
| Defendant. | :  **May 24, 2004** |
|  | : |

Robert L. Newell, being of full age, declares under penalty of perjury:

1.     I am the president of Andon Brush Company, Inc. ("Andon"), which is the defendant in the above entitled action. I have personal knowledge of the statements made herein.

2.     This Declaration is submitted in reply to the May 12, 2004 Declaration of Dr. Dragan with respect to his assertion that the two designs set forth in Centrix's proposed Modification to the Settlement Agreement were what was agreed upon at the April 16 conference.

3.     First, paragraph 1(a) of Centrix's proposed Modification (Exhibit 5A to Dragan Declaration) proposes to agree that "[a]ny brush having a totally solid handle throughout the length thereof" would be deemed to be non-infringing. I did not know at the conference, and do not know to this day, precisely what is a "*totally*" solid handle. Even brushes that have what may be considered to be a solid shafted handle have a hollowed end into which the bristles are inserted. Thus, at the April 16 settlement conference I specifically asked Dr. Dragan whether Centrix agrees that a hollowing of the handle at the end for the insertion of bristles (a well known

process in the brush making industry) would be deemed non-infringing.  Dr. Dragan so agreed. Thus, Andon's attorney proposed language to that effect in the April 19 letter when counsel described the agreement as being with respect to "[a]ny brush that does not have a handle having a continuous, uninterrupted bore extending therethrough."  I also note that one of the elements of the claims of the utility patent in suit is that the brush have a continuous uninterrupted bore extending throughout the length of the handle.

4.        Second, paragraph 1(b) of Centrix's proposed Modification proposes to agree that "[a]ny brush having a solid handle throughout the length thereof formed with a pre-bent or fixed angle adjacent the brush end which is not intended to be flexed to any other adjusted angular position other than the original pre-bent or fixed angle" would be deemed non-infringing.  With respect to this proposed paragraph, it is redundant to paragraph 1(a) which already agrees that any solid handle brush would be non-infringing.  The very reason why pre-bent brushes were discussed during the conference and were agreed to be non-infringing was to provide a safe harbor for Andon's manufacture of pre-bent brushes which have a hollow handle.  Dr. Dragan agreed at the April 16 conference that such pre-bent brushes would be deemed to be non-infringing.  Thus, Andon's attorney proposed language to that effect in the April 19 letter when counsel described the agreement as being with respect to "[a]ny brush that is manufactured with a bend in the handles, such as a pre-bent brush, regardless of whether such a bend causes a displacement of the external dimensions of the handle at the location of the bend."  The reason for the language regarding a displacement of the external dimensions is that when brush is manufactured in a pre-bent position it usually has some degree of flattening or creasing at the location of the bend caused by the process of pre-bending the handle.

5.     Paragraph 1 (b) of Centrix's proposed Modification clearly indicates an intent to carry out an agreement with respect to more than just solid handle brushes. Centrix's attorney (who has previously represented Andon and myself) is skilled enough to realized that a brush covered by proposed paragraph 1(b) would already have been deemed to be non-infringing under paragraph 1 (a). Thus, Centrix's inclusion of a second paragraph to describe non-infringing brushes corroborate my statements in my previous declaration that brushes other than any solid handle brush were the subject of the agreement reached at the April 16 conference.

6.     I also note that in paragraph 11 of Dr. Dragan's Declaration, he agrees that the "Biederman" type of brush would be non-infringing. The brush to which he refers is actually called the Biderman's brush. I am thoroughly familiar with the Biderman's brush because that type of brush is currently being manufactured by Andon for the Zenith Brands Division of Foremost Dental Manufacturing Co., of Englewood New Jersey. The Biderman's brush is a *bendable* dental brush. It has a *hollow* extruded handle, with a continuous bore running the length of the handle. It is manufactured with a straight handle without any crimp. The dimensions of the Biderman's brush shank (handle) are virtually the same dimensions as Centrix's Benda-Brush. The Biderman's brush is bendable as a consequence of the different plastic that is used for the entire brush handle and body (i.e., a hollow tube). Dr. Dragan's concession with respect to the Biderman's brush establishes that the agreement reached at the April 16 conference encompassed more than just solid handle brushes.

7.     Dr. Dragan's concession that the Biderman's brush would be deemed to be non-infringing also corroborates the statements in my previous declaration I asked Dr. Dragan at the conference whether a hollow handled brush which was bendable by means other than a crimp would infringe the patents and he replied that it would not. Thus, Andon's attorney proposed

3

language to that effect in the April 19 letter when counsel described the agreement as being with respect to "[a]ny straight brush, regardless of whether or not the handle has a continuous uninterrupted bore therethrough, which is bendable by the user of the brush and which is not manufactured with a crimp or crease which causes it to be bendable.

8.      I also note that Centrix's proposed Modification contains no language agreeing that the Biderman's type of brush would be non-infringing.  If the agreement at the conference was as is now described in Dr. Dragan's Declaration, Centrix' proposed Modification should have included language to that effect.  It does not.  This indicates to me that Centrix has not been acting in good faith with respect to the settlement reached at the April 16 conference, and that it is simply trying to repudiate the oral agreement that was reached at the conference with respect to the types of brushes that would be deemed to be non-infringing.

9.      I note that Centrix argues in footnote 1 on page 5 of its brief that Andon's fear of being sued on the patents is bogus.  Such is not the case, and the subsequent conduct of Centrix in (a) repudiating the oral agreement that was reached at the April 16 conference and (b) proffering a proposed Modification to its earlier settlement proposal that does not provide a safe harbor for the manufacture of the Biderman's brush which it now says is non-infringing even though Dr. Dragan says he agreed on its non-infringing nature at the conference, clearly establishes the necessity of a safe harbor for Andon's brush manufacturing.  Indeed, such was the precise logic behind Magistrate Judge Garfinkel's suggestion that the quid pro quo for a dismissal with prejudice would be agreement on brush configurations that would be deemed non-infringing.  An oral agreement on such configurations was reached at the April 16 conference as detailed in my previous declaration.

10.     Because of Andon's bona fide concern that Centrix may seek to assert the patent against brush configurations that had been orally agreed upon to be non-infringing (a concern that is further supported by Centrix's unwillingness to even agree that prior art brushes are non-infringing), Andon wanted a signed, written settlement agreement.  Thus, the parties and their attorneys informed Magistrate Judge Garfinkel in chambers of the agreement that had been reached and stated that Andon's attorney would prepare proposed language to be submitted to Centrix's counsel for inclusion in such an agreement.  For this reason, no settlement was placed on the record.  Language to effectuate the settlement was proposed in the April 19 letter from Andon's counsel, and as previously set forth herein the language that was proposed did indeed carry out that which had been agreed upon at the April 16 conference..  Nowhere in the April 21, 2004 letter from Centrix's attorney does Centrix ever assert that the language prepared by Andon's counsel did not embody what was agreed upon at the conference.

11.     The April 21, 2004 letter from Centrix's attorney makes clear that Centrix was repudiating the agreement of the April 16, 2004 conference in its entirety.  Indeed, it appears from that letter that Centrix is now taking the position that the only settlement it will consider is a form of settlement that which it proposed in January 2004 which included provisions that had not been agreed upon Andon, namely that all defenses rather than just a defense relating to inventorship would dismissed with prejudice.  This belatedly adopted position after an agreement had been reached at the April 16 conference shows a lack of good faith on the part of Centrix.  First, Dr. Dragan admits that agreement had been reached at the April 16 conference on certain matters which were not set forth in Centrix's January proposal.  Second, Centrix' proposed Modification does not even embody what Dr. Dragan at least agrees was agreed upon that the April 16 conference.  Centrix makes clear that it will not even consider reaching agreement on

terms other than as proposed by in January. By facsimile sent April 28, 2004, Magistrate Judge Garfinkel suggested overcoming any issues over describing non-infringing brushes by way of Andon showing Centrix specific brushes that it has in mind. Attached hereto as Exhibit A is a trued copy of that facsimile. Andon, through it counsel's letter of April 29, 2004, indicated that there are five styles of brushes that are either bendable or pre-bent, and that it was willing to explore the suggestion of showing and agreeing upon those brushes. Andon requested that Centrix communicate any interest in such an approach to the Court and to Counsel. A true copy of that letter of April 29, 2004 is attached hereto as Exhibit B. Centrix's response was that it is taking a position that the only settlement is the proposal reached it made in January, and that the only other settlement it would consider is its proposed Modification (which Dr. Dragan's declaration admits does not embody what he concedes he agreed upon at the April 16 conference). See, Exhibit 7 to Dr. Dragan's Declaration. This all indicates that Centrix simply is repudiating the agreement that was reached at the April 16 conference, even though the language proposed by Andon accurately reflects that agreement.

12.     It appears that Centrix has included its counsel's letter of April 28 to Andon's counsel. Attached hereto as Exhibit C is true copy of a letter sent by Andon's counsel that same day which not only accurately sets forth the matters discussed and agreed upon at the conference, but which also clearly and unambiguously informed Centrix's attorney in advance that there would be no appearance at any deposition because both (a) a settlement had been reached on April 16, and (b) all parties to the action were moving for a stay of discovery pending motions on settlement.

6

I declare under penalty of perjury that the foregoing is true.

Executed on May 20, 2004

_____
Robert L. Newell

# EXHIBIT A

**The Honorable William I. Garfinkel**
**United States Magistrate Judge**
**United States District Court**
**District of Connecticut**

915 Lafayette Blvd.                    203-579-5593 Telephone
Bridgeport, CT 06604                   203-579-5946 Fax

**CONFIDENTIAL**                       **CONFIDENTIAL**

**FAX TRANSMITTAL COVER SHEET**

**DATE:**      April 28, 2004

**TO:**        Arthur Fattibene, Esquire       fax: 203-259-0033
               Kenneth Winters, Esquire        fax: 973-994-1744

**FROM:**      William I. Garfinkel
               U.S. Magistrate Judge

**FAX NUMBER:** 203-579-5946        **PHONE NUMBER:** 203-579-5593

**NUMBER OF PAGES (INCLUDING COVER PAGE)** 2

**COMMENTS:**

        Centrix vs. Andon, 3:03cv703 (CFD)

            Thanks.          Gloria

**IF YOU HAVE QUESTIONS REGARDING THIS**
**TRANSMITTAL, PLEASE CALL GLORIA URBANO AT 203-579-5593**

**THANKS.**

# MEMO

**To:**   Attorneys Arthur Fattibene(Fax # 203-259-0033) and Kenneth Winters(Fax # 973-994-1744)

**From:**   William I. Garfinkel,
U.S. Magistrate Judge

**Subject:**   Centrix v. Andon, 3:03CV703(CFD)

**Date:**   April 27, 2004

I've read the recent flurry, and this matter is still tantalizingly close to settlement if the parties can just hammer out the last details. Art's point about the overbreadth of the Andon list is fair, but Art perhaps may have limited the modification of the 1/16 proposed agreement a bit too much(if so, any additional modification would be minor and in the spirit of the discussion we had in court). Perhaps Ken's client can simply show Art's client the brushes he has in mind. If nothing else works for the parties, perhaps it is still worth doing the deal with the settlement leaving open the possibility of a future dispute, but with a relatively cheap and efficient dispute resolution mechanism. It just seems nuts for the parties not to get this done. This case shouldn't have to be tried, but if you guys can't work it out that's what will happen. I wouldn't expect either motion to enforce to be granted– the few pounds of paper on my table belie there being a currently enforceable agreement.

**EXHIBIT B**

# CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN

CHARLES C. CARELLA
BRENDAN T. BYRNE
JOHN N. BAIN
JOHN G. GILFILLAN, III
PETER G STEWART
ELLIOT M. OLSTEIN
ARTHUR T. VANDERBILT, II
JAN ALAN BRODY
JOHN M. AGNELLO
CHARLES M. CARELLA
JAMES E. CECCHI
JAMES T. BYERS
DONALD F. MICELI
A. RICHARD ROSS
KENNETH L. WINTERS
JEFFREY A. COOPER
CARL R. WOODWARD, III
NABIL N. KASSEM
MELISSA E. FLAX
DENNIS F. GLEASON
DAVID G. GILFILLAN
G. GLENNON TROUBLEFIELD
BRIAN H. FENLON

HERBERT M. RINALDI
RICHARD K. MATANLE, II
DONALD S. BROOKS
RAYMOND R. SIBERINE
FRANCIS C. HAND
AVRAM S. EULE
LINDSEY H. TAYLOR
ROBERT I. HALPERN°
RAYMOND W. FISHER
DAVID J. REICH
OF COUNSEL
——
JAMES D. CECCHI (1933-1995)

A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW
5 BECKER FARM ROAD
ROSELAND, N.J. 07068-1739
(973) 994-1700
TELECOPIER (973) 994-1744

RAYMOND J. LILLIE
WILLIAM SQUIRE
ROBERT P. DONOVAN
ALAN J. GRANT°
NICOLA R.J. HADZIOSMANOVIC
MICHAEL P. PASQUALE
LAURA S. MUNZER
MARC D. MICELI
RAYMOND E. STAUFFER°
KERRIE H. HESLIN
ROBERT C. SCRIVO
JACOB A. KUBERT
MICHAEL A. PETROCELLI▪
°MEMBER N.Y. BAR ONLY
▪MEMBER CT BAR ONLY

April 29, 2004

**VIA TELECOPY & MAIL**
Telecopy No.  (203) 579-5946

Hon. William I. Garfinkel, U.S.M.J.
United States District Court
915 Lafayette Boulevard, Rm 429
Bridgeport, Connecticut  06604

  Re: Centrix, Inc. v. Andon Brush Company, Inc.
     Civil Action No.  3:03cv703(CFD)
     Our File No. 22690.1

Dear Judge Garfinkel:

   We thank you for your continued involvement in this matter as reflected by your memo dated April 27, 2004 to counsel.

   We found your suggestions at the April 16, 2004 conference to be helpful to a resolution of this matter, and we have given serious consideration to the suggestion in your April 27 2004 memorandum.

   We understand from recent correspondence from Centrix's counsel that Centrix agrees that solid handle brushes will be deemed to be non-infringing.  That leaves open the matter of hollow

Hon. William I. Garfinkel, U.S.M.J.
April 29, 2004
page 2

handle brushes. At present Andon manufactures and/or plans to manufacture approximately five styles of brushes (including hollow handles and solid handles) that are either pre-bent or are bendable without the use of a crimping of the handle in the manufacturing process. Thus, there is a potential that your suggestion of showing styles of brushes to reach agreement on their non-infringement may be possible.

Andon is willing to explore that approach provided that it is understood by all involved that the exploration of such an approach shall be without prejudice to Andon's pending motion to enforce settlement, and that any agreement that those brush constructions do not infringe includes an acknowledgment by the parties that the agreement upon non-infringing brush construction is not intended to exclude all other constructions from being non-infringing.

If Centrix is willing to pursue that approach, we request that it communicate that interest to the Court and to the parties.

We appreciate the Court's continuing efforts with respect to this matter. Without prejudice to Andon's position and motion that an enforceable settlement was reached at the April 16, 2004 conference, we remain willing to give consideration to reasonable alternatives that can satisfy Andon's concerns.

Respectfully yours,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

KENNETH L. WINTERS

cc:    Arthur T. Fattibene, Esq. (by mail and telecopy to 203-259-0033)
       Matthew Mason, Esq. (by mail and telecopy to 203-834-1628)

CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN
A PROFESSIONAL CORPORATION

# EXHIBIT C

# CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN

| | | | |
|---|---|---|---|
| CHARLES C. CARELLA | HERBERT M. RINALDI | A PROFESSIONAL CORPORATION | RAYMOND J. LILLIE |
| BRENDAN T. BYRNE | RICHARD K. MATANLE, II | COUNSELLORS AT LAW | WILLIAM SQUIRE |
| JOHN N. BAIN | DONALD S. BROOKS | | ROBERT P. DONOVAN |
| JOHN G. GILFILLAN, III | RAYMOND R. SIBERINE | 5 BECKER FARM ROAD | ALAN J. GRANT° |
| PETER G. STEWART | FRANCIS C. HAND | ROSELAND, N.J. 07068-1739 | NICOLA R.J. HADZIOSMANOVIC |
| ELLIOT M. OLSTEIN | AVRAM S. EULE | (973) 994-1700 | MICHAEL P. PASQUALE |
| ARTHUR T. VANDERBILT, II | LINDSEY H. TAYLOR | TELECOPIER (973) 994-1744 | LAURA S. MUNZER |
| JAN ALAN BRODY | ROBERT I. HALPERN° | | MARC D. MICELI |
| JOHN M. AGNELLO | RAYMOND W. FISHER | | RAYMOND E. STAUFFER° |
| CHARLES M. CARELLA | DAVID J. REICH | | KERRIE R. HESLIN |
| JAMES E. CECCHI | OF COUNSEL | | ROBERT C. SCRIVO |
| JAMES T. BYERS | ——— | | JACOB A. KUBERT |
| DONALD F. MICELI | JAMES D. CECCHI (1933-1995) | | MICHAEL A. PETROCELLI▫ |
| A. RICHARD ROSS | | | °MEMBER N.Y. BAR ONLY |
| KENNETH L. WINTERS | | | ▫MEMBER CT BAR ONLY |
| JEFFREY A. COOPER | | | |
| CARL R. WOODWARD, III | | | |
| NABIL N. KASSEM | | | |
| MELISSA E. FLAX | | | |
| DENNIS F. GLEASON | | | |
| DAVID G. GILFILLAN | | | |
| G. GLENNON TROUBLEFIELD | | | |
| BRIAN H. FENLON | | | |

April 28, 2004

**VIA MAIL & TELECOPY**
Telecopy No.  (203) 259-0033

Arthur T. Fattibene, Esq.
Fattibene and Fattibene
2480 Post Road
Southport, Connecticut  06890

Re:    Centrix, Inc. v. Andon Brush Company, Inc.
       Civil Action No.  3:03cv703(CFD)
       Our File No.  22690.1

Dear Mr. Fattibene:

I am in receipt of your letter of April 26, 2004.

As you will recall, the suggestion of Magistrate Judge Garfinkel was that Andon agree to a dismissal with prejudice with the agreement by Centrix that certain types of brushes would be deemed not to infringe the patents. While you assert in the third paragraph of your letter that there is absolutely no reason for the parties to argue what brush construction does and does not infringe, your assertion wholly overlooks that the very essence of the settlement reached at the April 16, 204 conference was that in exchange for Andon's agreement to a dismissal of its defenses with prejudice that there would be an express designation of various brush constructions which would be deemed

Arthur T. Fattibene, Esq.
April 28, 2004
page 2

not to infringe. The very reason for such a designation is Centrix's insistence that the defenses, including the defenses relating to validity be dismissed with prejudice.

Your comments about a provision that the settlement should not include an brush that is prior art to the patent or that is obvious based upon such prior art completely overlooks the fact the Centrix is insisting on a dismissal of Andon's defenses with prejudice. We fail to see how Centrix could possible be harmed by such a provision in the agreement, unless Centrix would intend to assert that a prior art brush manufactured by Andon or one that is obvious based on the prior art infringes the patents. Andon does not know what constructions Centrix may seek to place upon its patents for the purposes of asserting infringement, and Centrix would have the ability to place a construction on the patents that would encompass prior art or that which is obvious based on the prior art. While such a construction for purposes of infringement would require that the same construction be applied for purposes of patentability, Centrix's insistence upon a dismissal with prejudice could result in assertion by Centrix of the patents against that which would not be patentable, and in doing place Andon in a position where it would be unable to protect itself from an improper construction of the patent claims for purposes of infringement. Simple stated, it is unacceptable to Andon for it to be placed in a position where Centrix could assert a construction of the patent claims that would encompass prior art (or that which is obvious based on the prior art) and for Andon to be unable to defend against such an improper construction. This is far from absurd. The language set forth by Andon accomplishes the goal of limiting a construction for infringement purposes to constructions which do not invalidate the patent, while still allowing Centrix to have a dismissal of defenses with prejudice. If Centrix wished to propose alternative language, it could have and should have done so in response to my letter of April 19, 2004. While Andon considers the language it has set forth on this point not to have been timely objected to by Centrix and hence to be part of the agreement between the parties, it will consider without prejudice proposed language by Centrix that would accomplish the same result.

Moreover, Andon takes exception to Centrix's latest attempt to retreat from the types of brushes that it had agreed at the conference would be non-infringing. The types of brushes that were agreed to be non-infringing are set forth in the declarations filed in support of Andon's motion to enforce settlement. The types were indisputably more than just totally solid handle brushes, although solid handle brushes were also discussed. (Indeed, you reference to a "totally solid handle" is undefined and ambiguous in that there must be a hollowing of the handle for the bristles to be inserted, and hence there is no such thing as a "totally hollow handle.") When Newell asked about pre-bent brushes, he did not restrict his question to solid handle brushes; and Dr. Dragan agreed without restriction that any pre-bent brushes would not infringe. Newell even referred to Andon's "struder" brush which is a hollow handled pre-bent brush of which Dr. Dragan indicated an awareness. Newell even followed up on this point, and specifically asked that the agreement of non-infringement would include brushes pre-bent brushes even if the pre-bending resulted in crease or flattening at the point of the bend. Dr. Dragan agreed. The fact that your proposed language in paragraph number 1(b) of your proposed amendment would be superfluous in light of the provision that paragraph 1(a) already would agree that any solid handle brush does not infringe is highly evidential that the parties were discussing hollow handle, pre-bent brushes. Moreover, Newell

Arthur T. Fattibene, Esq.
April 28, 2004
page 3

specifically asked Dr. Dragan whether a hollow handled brush that was bendable by means other than a crimp would infringe. Newell specifically stated as an example a hollow handle brush which is made bendable by a thinning of the handle walls at the point to be bent. Dr. Dragan agreed that such brushes would not infringe. The reference to "walls" in Newell's question further indicates that the parties were talking about a hollow handle brush since a solid handle brush does not have "walls." Accordingly, it is clear that your April 26, 2004 proposal does not embody that which was agreed upon at the conference, and Andon intends to fully enforce that which was agreed upon at the conference. Likewise, any agreement must include the means for enforcing the matters agreed upon with respect to brushes that do not infringe, and your proposed modification is wholly lacking in that regard. Andon believes that the language it has prepared accurately embodies the brush constructions that the parties agreed would not infringe. While Andon considers the language it has set forth to implement that agreement not to have been timely objected to by Centrix and hence to have become part of the agreement between the parties, it will consider without prejudice alternative proposed language by Centrix that would accomplish the same result for all of the above mentioned brush constructions which the parties agreed at the conference would not infringe the patents.

Also, Centrix offered to permit the sale of Andon's remaining stock of Cobra brushes in exchange for the payment of an additional $500.00. The acceptance of that offer was communicated to Centrix no later than my April 19, 2004 letter. Centrix's April 21, 2004 attempt to withdraw that offer is untimely, and Andon insists upon compliance with the agreement that resulted from that offer and its acceptance.

I also note that your proposed form of settlement documents, which purporting to have the court retain jurisdiction to enforce the settlement, lacks the necessary order of the court that would enable it to do so. See, <u>Kokkonnen v. Guardian Life Insurance Company of America</u>, 511 U.S. 375, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). This is one more reason why your proposed documents are unacceptable.

To the extent you seek to buttress your motion to enforce a settlement agreement by referring to the January 16, 2004 form of settlement agreement, Andon did not agree to a stipulation of dismissal with prejudice as set forth in the January 16, 2004 settlement documents until the April 16, 2004 conference, and then only with inclusion of additional provisions specifying that the above described various brush constructions that would be deemed to be non-infringing. That was the quid pro quo for a dismissal of defenses with prejudice, and agreement on that exchange was reached at the April 16, 2004 conference. Andon intends to enforce *all* the matters agreed upon at the April 16, 2004 conference, not just selective matters resulting from Centrix's after-the-fact attempt to retract from the April 16, 2004 conference results and agreement.

As you are not doubt aware by now, in the absence of a response by close of business on Friday April 23, 2004 to my letter of April 22, 2004, Andon has moved to enforce the settlement that was reached at the conference. The motion papers set forth in greater detail what was agreed upon at the conference, and Centrix's complete repudiation of the same on April 21, 2004. Andon is confident that the Court will see Centrix's untimely attempt to now repudiate less than all as a belated

CARELLA, BYRNE, BAIN, GILFILLAN, CECCHI, STEWART & OLSTEIN
A PROFESSIONAL CORPORATION

Arthur T. Fattibene, Esq.
April 28, 2004
page 4

attempt to creates a semblance of having had a reason for rejecting the language of my April 19, 2004 letter when no bona fide reason existed or was stated at that time. Andon is confident in its accuracy of recalling that which was said and agreed upon before Magistrate Judge Garfinkel.

As you are also not doubt aware by now, Andon's motion to enforce the settlement also includes a motion to stay discovery pending the determination of the motion. Andon also notes that Centrix also has a motion pending to stay discovery pending a determination of its motion to enforce an alleged settlement. Inasmuch as both parties have motions pending to stay discovery, please be advised that Andon will act in accordance with both parties expressed wishes to not proceed with discovery while the motions are pending and will not be producing any further responses to discovery or any witnesses for deposition until the motions to enforce settlement have been determined.

Very truly yours,

CARELLA, BYRNE, BAIN, GILFILLAN,
CECCHI, STEWART & OLSTEIN

KENNETH L. WINTERS

cc: Hon. William Garfinkel, U.S.M.J. (by mail and telecopy to 203-579-5946)
    Matthew Mason, Esq. (by mail and telecopy to 203-834-1628)